# GEORGE MILLER v. NEW MADRID BANKING COMPANY, Appellant.

**Division One, July 1, 1911.**

1. **BILL OF EXCEPTIONS: Extension of Time: Not Understood By Judge to Be Extension: Interlocutory Decree.** The evidence was taken at the July term, and an interlocutory decree entered, motion for new trial overruled, an appeal ordered, and appellant given until January 3d to file bill of exceptions. At the December term appellant, seeming to realize his appeal was premature, asked and obtained an order setting aside the order granting him an appeal, and when the final decree was rendered on January 3d, and his new motion for a new trial was overruled, he applied for an appeal, which was granted, and on the same day (January 3d) was allowed sixty days in which to file a bill of exceptions, which was filed within that time. *Held,* that a bill of exceptions must be filed during the term at which the exceptions are taken, or within such time as the court, or the judge in vacation, allows; but as the court, at the July term, gave appellant until January 3d to file his bill and on that day allowed him sixty days in which to file his bill, the bill filed within that time was timely filed, although the court may not have understood its order made on that day to be an extension of the time.

2. **DEED OF TRUST: The Then Sheriff: Power to Sell.** The power contained in a mortgage or deed of trust to sell and convey may be conferred without conferring title on the person to whom the power is given. Where a deed of trust confers on a trustee named power to sell upon condition broken, and provides that, in case of his death, the then sheriff may sell, and does not undertake to vest the title in the sheriff upon the trustee's death, the sheriff is vested with a power to sell, and nothing more, and a subsequent sale by a regular sheriff after the trustee's death carries the title. [Distinguishing McNutt v. Ins. Co., 181 Mo. 94.]

3. ————: **Foreclosure: Sale to Former Grantors in Warranty Deed.** Two officers of a bank held the legal title in land for a bank and executed their warranty deed to plaintiff, and received in payment one-third cash and two notes payable to the bank. At the time of their conveyance there was a deed of trust on the land to secure a note held by them, and after they delivered their warranty deed the sheriff, as substituted trustee, at their request, sold the property, and they were

present at the sale, bought the land and received his trustee's deed. The note is long past due and therefore can never be assigned to an innocent purchaser. *Held,* neither these officials nor anyone else could assert any validity either in the note or deed of trust securing it, and the title acquired by them at the foreclosure sale inured to the plaintiff by virtue of their warranty deed to him.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED (*with directions*).

*George H. Traylor* and *Lewis Luster* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action for injunctive or other relief. There are no allegations that plaintiff has suffered eviction, that defendant is insolvent, nor that plaintiff has no adequate remedy at law. Sec. 3649, R. S. 1899; Connor v. Eddy, 25 Mo. 72; Jones v. Stanton, 11 Mo. 433; Barton v. Rector, 7 Mo. 525; State v. Wood, 155 Mo. 447; Railroad v. Maddox, 92 Mo. 471; Wilcox v. Walker, 94 Mo. 88. (2) There was no proof that the cashier of the defendant banking company was acting for or had authority to act for the defendant. Windsor v. Bank, 18 Mo. App. 665; U. S. v. Bank, 21 How. 361. (3) The deed of trust given by Blanchard can be differentiated from the one in the case of McNutt v. Ins. Co. 181 Mo. 94, and the trial court erred in holding that the foreclosure sale was void.

*A. H. Livingston* for respondent.

(1) There is no bill of exceptions in this case, and therefore nothing before the court but the record proper. Respondent's amended petition being in all things sufficient to support the judgment of the trial court, such judgment should be affirmed. The finding of the court that no title passed by sale under the

Blanchard-Snauffer deed of trust is supported and based upon the case of McNutt v. Ins. Co., 181 Mo. 94. (2) Under no circumstances could a bill of exceptions filed after the regular December term go back and cover the trial of the cause had at the July term. The purported bill was filed Feb. 7, 1908, in vacation. Hence the cause is here without bill of exceptions, wholly on the record proper. Reineman v. Larkin, 121 S. W. 307; Wilson v. Deweese, 123 Mo. App. 587; Simpson v. Scroggins, 182 Mo. 560; State v. Williams, 147 Mo. 14; Smith v. Baer, 166 Mo. 392.

VALLIANT, J.—The plaintiff's complaint is set out in his petition in four separate counts, and in two suits which were consolidated. The trouble grows out of the purchase of 100 acres of land in Howell county by plaintiff of defendant, and the alleged failure of defendant to make good the title to 58 acres. The purchase price of the land was $1,800, whereof the plaintiff paid $600 cash, and executed his two notes for $600 each for the balance, secured by deed of trust on the land purchased. The petition in plaintiff's first suit is in three counts; in the first, after alleging defect in title to the 58 acres, which defect consisted in an unsatisfied deed of trust executed by one Blanchard, a former owner, for $225, it is alleged that plaintiff had an opportunity to sell the 100 acres at an advance of $1,200 over his purchase price, but on discovery of the failure of title the prospective purchaser declined to buy, and thereby the plaintiff lost $1,200, for which he asks judgment. The second count was the same as the first in statements of facts, except the alleged lost opportunity to sell is not mentioned and the prayer for judgment is that the defendant be required to pay off and satisfy the alleged $225 deed of trust. The third count complains that after making the purchase, when the plaintiff was ready to take possession, he found a tenant of defendant's in possession, who would not surrender

until two months had passed, and the plaintiff was thereby damaged $100, for which he asked judgment.

In the first and second counts plaintiff alleged that it was a part of the contract of purchase that defendant would furnish plaintiff an abstract of title and when plaintiff delivered his deed of trust to defendant securing the two $600 notes, defendant presented an abstract of title, but would not allow plaintiff to retain it so as to examine it or have it examined, hence plaintiff was fraudulently prevented from discovering the defect in the title.

Defendant's answer in effect was a general denial.

While that suit was pending, plaintiff filed another suit against this defendant and the trustee in the deed of trust given by plaintiff, in which plaintiff alleged that after service of process in the first suit, defendant caused the trustee to advertise the property for sale to foreclose the deed of trust, alleging that they had secretly conspired to do so, and plaintiff had just discovered the advertisement. Plaintiff prayed an injunction to prevent the sale. On the filing of that suit the injunction issued.

The answer of the defendants admitted that they had advertised the property for sale to foreclose the deed of trust, but denied all other allegations.

Afterwards plaintiff filed an amended petition in the second case in which he reiterated the charges of fraud against the defendant Banking Company in withholding the abstract of title from him, and averred that he had already paid the defendant the full value of all the land of which he received good title and then offered to quit-claim to defendant that part of the land to which the title was defective and prayed that the two $600 notes given by him be surrendered and cancelled and the injunction be made perpetual. The defendant, the Banking Company, filed a motion to strike out the amended petition, which was overruled, and then filed a motion to dissolve the injunction, which was also

overruled, and then filed its answer admitting that it had advertised the property for sale to foreclose the deed of trust, the notes already being past due, and denied all other allegations.

Before the trial the two suits were consolidated to be tried as one.

In the Blanchard deed of trust for $225, which it is alleged constitutes the defect in the title which defendant conveyed to plaintiff, it was specified that if the maker of the note should refuse or neglect to pay it when it became due the trustee therein named or in case of his absence, death, refusal to act, or disability in anywise the (then) acting sheriff of Howell county, at the request of the legal holder of the note, may proceed to sell, etc., to foreclose the deed of trust. The trustee died and the deed of trust was foreclosed by sale of the land by C. E. Kimberlin, then sheriff of Howell county, and at that sale the property was bought in by T. H. Diggs and W. H. Garanflo, who were at that time the legal holders of the note secured by the deed of trust; their bid was $400, which the deed recites they paid. Kimberlin was sheriff of Howell county when he made the sale, but he was not sheriff at the date of the death of the trustee named in the deed. The trustee died December 5, 1900, and at that time the note was past due and unpaid, and J. C. Thomas was sheriff of the county. The decision of the cause seems to have turned on that point, the court finding that because Kimberlin was not sheriff when the trustee died his attempted foreclosure was invalid, and therefore the deed of trust remained unsatisfied and the defendant's title to the 58 acres was incomplete.

When the consolidated cases came on for trial the first and third counts in the petition in the first suit were ignored, there was no finding or judgment in reference to either of them, and only incidentally was there any adjudication as to the second count. There was no evidence relating to either of those three counts

except in so far as the facts therein stated were in common with facts stated in the petition in the injunction suit. All parties seemed to treat the case as if the plaintiff's whole complaint was merged in the injunction suit and the finding and judgment related to the issues in that suit alone. The cause came on for trial at the July term, 1907, when the court made a finding of the facts and an interlocutory decree. The main fact found was that Kimberlin was not the sheriff on the 5th day of December, 1900, the date of the death of the trustee, the note being then due, and therefore the defendant, "the New Madrid Banking Company, did not get a complete title at such sale, but only bought the equity of redemption in the Blanchard note and deed of trust," and to that extent the finding was for the plaintiff; the cause was then continued to the first day of January, 1908, "for the purpose of giving time to the New Madrid Banking Company for perfecting the title (to the 58 acres) in the interest of said Miller, or satisfying him in these premises," etc. The interlocutory decree then went on to say that in case the defendant should complete its title within the time specified, the plaintiff was to pay his two $600 notes, and the costs were to be taxed against defendant Banking Company, but no damages assessed against it. On January 3, 1908, at the regular December term, 1907, the final decree was entered, reciting that the defendant Banking Company, having failed to avail itself of the grace granted to perfect its title, and showing no reason for such failure, and the court finding that the 58 acres were equal in value to two-thirds of the whole 100-acre tract, that the $600 paid at the date of the purchase was the proportionate value of the land defendant had title to when it was conveyed to plaintiff, it was therefore decreed that the temporary injunction be made perpetual and plaintiff recover his costs. From that decree defendant appeals.

In addition to the facts above stated it should also be said that the legal title to the 100 acres of land bought by plaintiff was never in the defendant bank, but was held by Digges and Garanflo, who were officers of the bank; they made the warranty deed to the land to the plaintiff, but the plaintiff's contention is that they acted for the bank, and although the bank contends that it was an individual transaction between those gentlemen and the plaintiff, yet there is very little to rest that contention on. Not only were Digges and Garanflo officers of the bank, but the real estate agent who negotiated the trade did so in the name of the bank. Besides the two $600 notes given by plaintiff for the deferred payments were payable to the bank, and the deed of trust given by plaintiff was in the name of the bank as beneficiary. Before the Blanchard deed of trust was foreclosed by sheriff Kimberlin, the bank had transferred the note by indorsement to Digges and Garanflo.

1. Respondent insists that there is no bill of exceptions in the record which can be considered in this court. The facts in reference to that matter are these: The trial began at the July term, 1907, and all the evidence set out in the bill of exceptions was introduced at that term, and the interlocutory decree was rendered then, on August 6, 1907. Defendant seeming to treat the interlocutory decree as a judgment from which an appeal would lie, filed a motion for a new trial, which the court overruled, then filed an affidavit for an appeal, which was allowed, and on the same day, August 6th, defendant was granted ninety days in which to file its bill of exceptions; afterwards in vacation, October 28th, the judge extended the time sixty days from the time theretofore granted, which would extend to January 3, 1908. On the first day of the December term, 1907, the defendant, seeming to realize that his appeal was premature, came into court and

asked that the order granting the appeal be vacated, which was done. On the third day of January, 1908, which was in the December term, 1907, the cause came on for final hearing and the final decree was rendered; then on that day, after defendant's motion for a new trial was overruled, it again filed an affidavit for an appeal, which was allowed, and on that day, January 3, 1908, the court granted defendant ninety days in which to file its bill of exceptions; on February 7, 1908, the defendant filed this bill of exceptions, which embraced the evidence heard and proceedings had at the July term, 1907. If defendant's time for filing the bill of exceptions had expired before January 3, 1908, it could not embrace in its bill of exceptions the proceedings had at the July term, 1907. No exceptions are preserved unless by a bill filed during the term at which they are taken, or within the time extended therefor by the court, or judge in vacation in the manner prescribed by statute. This has so often been decided that it is deemed unnecessary to now cite authorities on that point. Respondent cites some of them in his brief, to which reference may be made.

It is possible the court did not understand the extension given January 3d as a second extension of the time given at the July term, but the language is sufficient to give that effect, and we must so consider it. We hold that the bill of exceptions was filed in due time.

II. There is really very little, if any, dispute as to the facts. There is nothing in the evidence to justify the charge of fraud, and the court did not find that there was any fraud. The only point on which the case turned in the mind of the learned trial judge was the supposed invalidity of the sale by Sheriff Kimberlin, and on that point he was guided by what this court said in McNutt v. Ins. Co., 181 Mo. 94. But since the decision in that case, this court, in Feller v. Lee, 225 Mo. 319, has modified, if not overruled the McNutt

235 Sup.—34

case, at least it has authorized a distinguishing of cases of somewhat similar character in which a sheriff is substituted as trustee or authorized to execute the power of sale to foreclose. In an ordinary mortgage the legal title of the mortgagor is in terms conveyed to the mortgagee, but still the mortgagor is regarded in law as the owner of the legal title until foreclosure, or at least until the mortgagee moves for possession on condition broken. The mortgagor may in his deed of mortgage grant to the mortgagee a power of sale to be exercised on condition broken, or he may confer such power, without conferring title, on a third person to be exercised on condition broken and at the request of the mortgagee. A power to sell and convey the title of the grantor may be conferred without conferring title on the person to whom the power is given. A sheriff selling land under execution is not invested with title, he is merely exercising a power conferred on him by law, and so he may exercise a power conferred on him by the owner of the land. The decision in the case of McNutt v. Ins. Co. turned on the language of the deed which, in case of the death, inability, etc., of the persons named as trustees, conferred on the then sheriff of Jackson county, not merely the power to sell and foreclose the mortgage, but he "shall thereupon become their successor to the title to said property and the same become vested in him in trust for the purposes and objects of these presents," etc.; then follows grant of power to foreclose. Without intending to make further comment on the decision in that case, we call attention to the fact that there is no express grant of title to the sheriff in the Blanchard deed; the legal title is conferred on the person named as trustee and he is authorized on condition broken and request of the holder of the note to sell. and in case "of his absence, death, refusal to act, or dis bility in any wise the (then) acting sheriff of Howell county, Missouri, at the request of the legal holder of said note, may proceed to sell," etc. The grant there is a

mere power to sell; therefore the main reasoning of the opinion in the McNutt case, which rests on the fact that in that deed it was provided that on failure of the person named as trustee to act, the title should pass to and become vested in the sheriff, does not apply. We are satisfied that in the case at bar it was the intention of the grantor in the deed to confer the power to sell on the sheriff who was such when the conditions arose and the holder of the note so requested.

III. There is another point in this case which is decisive of its merits: Digges and Garanflo held the title to this land, held it as we have already said for the Bank, they executed a warranty deed to the plaintiff for the whole tract, including the 58 acres on which was the Blanchard deed of trust, they also held the $225 note secured by that deed of trust; it was at their request that Sheriff Kimberlin undertook to execute the deed and sell the land; the deed recites that it was done at the request of the legal holder of the note; they were present at the sale, bought the land and took the sheriff's deed. Under those circumstances neither they nor any one else could ever assert any validity either in the note or deed of trust securing it. The note could not be assigned as to an innocent indorsee, because it is long past due.

We hold that the sale by Sheriff Kimberlin was a foreclosure and satisfaction of the Blanchard deed of trust and that the title acquired by Digges and Garanflo inured to the plaintiff by virtue of their warranty deed to him.

The judgment is reversed, and the cause remanded to the circuit court with directions to enter a decree dissolving the injunction and rendering judgment for the defendant Banking Company on all the counts in plaintiff's two suits, and that the injunction suit be dismissed as to defendants Catron and Miller. All concur.