## AMELIA SWABEY v. JOSEPH A. BOYERS, Appellant.

Division Two, April 26, 1918.

1. **CONTRACTS: Statutes a Part.** Laws in force at the time and place of making a contract which affect its validity, performance, discharge or enforcement enter into and form a part of it as if they were expressly referred to or incorporated in it in terms. This rule, it seems, applies to every kind of contract which is the subject of statutory enactment.

2. **DEED OF TRUST: Death of Trustee: Interest of Sheriff.** In the usual deed of trust, naming the sheriff as successor and authorizing him to sell in the event of the death of the trustee named, the sheriff acquires something more than a mere naked power to sell. If that were all, it could be revoked by the grantor, or it would lapse upon the grantor's death. In such case the sheriff acquires an interest in addition to the mere power to sell.

3. ———: ———: **Exercise of Power: Successor.** It is not necessary, upon the death of the trustee named in the usual deed of trust, that the trust should devolve at once upon the successor. It is necessary only that the trust shall not fail for the want of a trustee. The succession may occur immediately upon the death of the trustee named, or after an interval, and is dependent not alone upon the contingency of the failure of the original trustee, but upon the further contingency of a demand of foreclosure after default. That is the evident intention of the parties to such an instrument. [Distinguishing Miller v. Bank, 235 Mo. 582, and Feller v. Lee, 225 Mo. 319.]

4. ———: ———: **Successor Named By Instrument: Sale by Court's Appointee.** The power to sell under a deed of trust is a matter of convention and contract between the parties, who are authorized to select their own trustee; and if they in the instrument have named a successor, in case of the death of the trustee named, the court cannot, upon said trustee's death, disregard the successor and appoint another as trustee and authorize him to execute the power, but the sale can be made only by such successor if he is available and willing to execute the trust.

5. ———: ———: ———: **Sheriff.** The *habendum* clause of the deed of trust was "to the said party of the second part and to his successors hereinafter designated and to the assigns of him and his successors forever," and provided that "the said party of the second part, or in case of his . . . death . . . the then acting sheriff . . . may proceed to sell" and upon such sale "shall execute a deed . . . and any deed made by the trustee or his successor in pursuance to the powers herein contained, shall," etc. *Held*, that the intention of the parties was that the sheriff should be the successor, and he had the same interest and the same complete power to execute the trust as would the trustee named had he survived to the date of foreclosure; and since the trustee, and the sheriff as his successor, were vested, not with a mere naked power to sell, but with an interest and power to execute the trust, including a sale and a conveyance, the trustee appointed by the court, different from the successor named, had no power to sell.

6. ———: ———: **Appointment by Court.** The statute (Secs. 11919 and 11920, R. S. 1909) declaring that "if any trustee in such deed of trust die" the court may appoint some one to execute the trust, does not mean that, if the deed of trust names a trustee and an ascertainable successor in case of his death, the court may appoint a trustee upon the death of the trustee named, and thereby ignore such successor, but it means that the court may appoint a trustee when no one designated as successor by the instrument can or will execute the trust.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas C. Hennings,* Judge.

REVERSED AND REMANDED.

*James T. Roberts* for appellant.

In view of the fact that the deed of trust from Boyers to Kotthoff, trustee, expressly conveyed the property to "the said party of the second part, and to his successor as hereinafter designated and to the assigns of him and of his successor, forever" and further provided that "in case of his [Kotthoff's] absence, death, refusal to act or disability in any wise the then acting sheriff of the city of St. Louis, Missouri" should execute the trust therein and thereby created, the sale by Wanstrath was made in violation of the express

terms of the deed of trust and conveyed no title; and, therefore, under the agreed statement of facts, the title is still in the appellant. 2 Jones on Mortgages, sec. 1774; Bacigalupo v. Lallement, 7 Mo. App. 595; White v. Stephens, 77 Mo. 452; Hughes v. Davis, 85 S. W. 1161; Washington Co. v. Railroad, 100 Am. Dec. 710; Trust Co. v. Fisher, 106 Ill. 189; Singer Mfg. Co. v. Chalmers, 2 Utah, 542; Dunham v. Hartman, 153 Mo. 625; Graham v. King, 50 Mo. 22; Cassaday v. Wallace, 102 Mo. 550; Polliham v. Reveley, 181 Mo. 622; Dolbear v. Norduft, 84 Mo. 619; Landrum v. Bank, 63 Mo. 48; Bales v. Perry, 51 Mo. 449; Whittlesey v. Hughes, 39 Mo. 13; McKnight v. Wimer, 38 Mo. 132; Perry on Trusts (5 Ed.), secs. 602-x and 602-p; Kelsey v. Bank, 166 Mo. 157.

*O. J. Mudd* for respondent.

(1) The court had authority to substitute Wanstrath, trustee, in place of Kotthoff, who died. R. S. 1909, secs. 11919, 11920. (2) In proceeding under these sections, the court rightly proceeds *ex parte,* on the affidavit of "any person interested in the debt" secured in the deed of trust, and, as no adversary proceeding is intended, no notice is required to any person. Martin v. Paxson, 66 Mo. 260; Thompson v. Foerstel, 10 Mo. App. 290; Rothenberger v. Garrett, 224 Mo. 189; Stone v. Railroad, 261 Mo. 61. (3) The trustee is vested with the fee and has powers and rights not found in the sheriff, who is clothed only with a contingent power of sale, so that the appointment of a substitute on the death of the trustee is needed, notwithstanding the contingent power of sale in the sheriff and the authority of the latter to foreclose. Johnson v. Houston, 47 Mo. 227; Rothenberger v. Garrett, 224 Mo. 196; Chouteau v. Boughton, 100 Mo. 406; Meyer v. Hale, 17 Mo. App. 204; Miller v. Bank, 235 Mo. 530. (4) The statute is a part of the deed of trust with like effect as if its pertinent provisions had been adopted by the grantor and written into the deed. 2 Page

on Contracts, sec. 1117, p. 1739; State ex rel. v. Kent, 98 Mo. App. 281; Kessler v. Clayes, 147 Mo. App. 88; Daggs v. Ins. Co., 136 Mo. 382. (5) If defendant has any grievances to be righted, he should have gone into equity with an offer to redeem and pay his debt. Shanework v. Hoberecht, 117 Mo. 22; Adams v. Carpenter, 187 Mo. 613; Biffle v. Pulliam, 125 Mo. 108; Kennedy v. Siemers, 120 Mo. 86; Springfield Co. v. Donovan, 120 Mo. 423.

WHITE, C.—The plaintiff recovered in ejectment the judgment from which the defendant appeals. The plaintiff claims title to the land in controversy under a trustee's deed made in foreclosure of a deed of trust executed by the defendant February 23, 1897, of which land the defendant at that date was owner in fee. The foreclosure took place in May, 1914. The deed of trust executed by the defendant conveyed the property to Henry Kotthoff, party of the second part, in trust to secure a debt due William C. Eichlers. The plaintiff herein became the holder of the note secured and was such at the time of the foreclosure. The granting clause of the deed of trust is in the usual form and after the description the *habendum* is as follows:

"To have and to hold the same together with the appurtenances to the said party of the second part and to his *successors hereinafter designated* and to the assigns of him and his successor, forever."

The deed of trust then describes the debt, etc., and provides that "the said party of the second part, or in case of his absence, death, refusal to act or disability in any wise, *the then acting sheriff of the city of St. Louis, Missouri,* at the request of the legal holder of said notes *may proceed to sell,*" etc., and upon such sale "*shall execute a deed* in fee simple of the property sold to the purchaser or purchasers thereof, and any deed made by the *trustee or his successor* in pursuance of the *powers herein granted,* and all recitals therein contained, shall be everywhere received as prima-facie

evidence of such facts.'' We have italicised the words to which special attention is directed in the argument.

The trustee, Henry Kotthoff, died, and on May 5, 1914, upon the affidavit of the plaintiff (beneficiary in the deed of trust) stating that fact, the circuit court of the city of St. Louis appointed John J. Wanstrath trustee to execute said deed of trust. Wanstrath, as trustee, advertised the property for sale in due form and sold the same on the 29th day of May, 1914. The plaintiff became the purchaser, and conveyance was made to her.

The statutes, Sections 11919 and 11920, have the following provisions relating to deeds of trust upon which respondent relies for the legality of Wanstrath's appointment:

"Sec. 11919. If any trustee in any deed of trust, to secure the payment of a debt . . . shall die, . . . any person interested in the debt . . . if it be a deed of trust to secure the payment of a debt . . . may present his or their affidavit, stating the facts of the case, specifically, to the circuit court of the county in which the property . . . is situated.

"Sec. 11920: If such court shall be satisfied that the facts stated in such affidavit are true, it shall, in the case of a deed of trust given to secure the payment of a debt, or other liability, make an order appointing the sheriff, or some other suitable person of the county, trustee to execute such deed of trust, in the place of the original trustees; and thereupon such sheriff, or other suitable person appointed by said court, shall be possessed of all the rights, powers and authority possessed by the original trustee, under the deed of trust.''

I. It is claimed by the appellant that on the death of the trustee, the deed of trust made the sheriff successor, vesting in him as such the title and the power of sale, and the court had no authority to appoint a trustee except upon the refusal or inability of the sheriff to execute the trust.

It is true, as respondent asserts, that laws in force at the time and place of making the contract which affects its validity, performance, discharge, or enforcement entered into and form a part of it as if they were expressly referred to or incorporated within the terms of the contract. [6 R. C. L., Contracts, sec. 243; Christian v. Insurance Co., 143 Mo. 460, l. c. 465; State ex rel. v. Smith, 173 Mo. 398, l. c. 420; Havens v. Fire Ins. Co., 123 Mo. 403, l. c. 416-17; Kleeman Co. v. Casualty Co., 177 Mo. App. 397; Northern Pacific Ry. Co. v. Wall, 241 U. S. 87, l. c. 91; Walker v. Whitehead, 16 Wall. l. c. 317.]

This rule is made to apply, it seems, to every kind of contract which is the subject of statutory enactment. Taking it as applicable to this case, and reading these statutes into the deed of trust as a part of its provisions and construing them in connection with the other provisions quoted above, it becomes necessary to ascertain on what contingency the court could appoint a trustee with authority to discharge the trust. These provisions of the deed of trust must be harmonized with the statute so as to give effect to all of them, if possible.

Respondent contends that the sheriff is not made alternative trustee by the terms of the deed of trust, but is merely given the power to sell; that it is a grant of a naked power, without the estate, such as is vested in a trustee, and therefore on the death of Kotthoff there is no trustee to execute the trust in its entirety and the court may appoint.

This court has held that the provision in a deed of trust to the effect that on the death of the trustee the then sheriff may sell, means the sheriff who is such at the time the foreclosure sale is desired. And it was held also that the sheriff is not by the deed of trust vested with the title on the failure of the trustee, but merely is given the power and right to sell. [Miller v. Bank, 235 Mo. 522, l. c. 530.] That case mentions the case of McNutt v. Life Ins. Co., 181 Mo. 94, and states

274 Sup.—22

that it has been overruled. In the latter case the deed of trust provided that upon death or refusal of the trustee to act, another trustee who was named should execute the trust, and in case of the latter's death, inability or refusal to act (p. 98): "Then the (then) sheriff of said county of Jackson and State of Missouri (who shall thereupon become their successor to the title to said property, and the same become vested in him in trust for the purposes and objects of these presents, and with all the powers, duties and obligations thereof), may at the request of the holder of said note proceed to sell," etc. The court says (p. 99): "That the title which the sheriff takes in such circumstances, he takes as an individual, and not officially, and it remains in him until divested by his death, or other disqualification, or by the payment of the debt." And held, as a necessary consequence, that "the then sheriff" means the person who was sheriff at the time of the death, removal or inability of the trustee.

The case of Feller v. Lee, 225 Mo. 319, is referred to as overruling the McNutt case. There the conveyance was made to the sheriff of Webster County, party of the second part, no name mentioned, with *habendum*: "To Have and to Hold the same with the appurtenances to party of the second part, and to his *successor or successors in trust,* and to his or their grantees and assigns forever" (p. 328). It then provides that in case of the absence, death, refusal to act, or disability in any wise of the party of the second part, the *then* acting sheriff of Webster County, Missouri, might sell (p. 329). The court says (p. 332): "Not only so, but a succession of trustees is carefully provided. In certain named contingencies the original trustee becomes *functus officio* and his *named successor* is to execute the power. Now in this trust deed there is no hint that Lemphere and Hayes [grantor and beneficiary] were contracting that Goss, then sheriff, *alone held a donation of power to execute the trust.* To the contrary, the parties industriously and of set purpose *provided*

*for a line of succession* to make the security effectual and easily accomplished by avoiding complications or accidents in the way of foreclosure.'' The original sheriff named as trustee was out of the county and the sheriff in office at the time of the default executed the trust and made the sale, and it was held the sale was good. This case closes by reference to the McNutt case, and was sent to Court in Banc because of a difference from that case, and the opinion was there adopted.

Since that time this court in several cases has held that the ''then sheriff'' mentioned in deeds of trust of that form, is the sheriff who happens to be such when the foreclosure is desired. [Betzler v. James, 227 Mo. 375; West v. Spencer, 238 Mo. 1. c. 69; Miller v. Bank, 235 Mo. 1. c. 529-30.] Each of these cases distinguishes the McNutt case and calls attention to the peculiar language used in it. In none of these cases was it stated or intimated that the sheriff, on the failure of the trustee, acquired only a naked power without an interest. In none of them were the words successor or successors used, nor any words indicating an intention to vest title in the sheriff on failure of the trustee named.

The difference between the McNutt case and the Feller case seems to be in this only: The ''then sheriff'' referred to in the McNutt case meant the one who was sheriff at the time of the failure of the original trustee, while in the Feller case it was held to be the one who was sheriff at the time of the desired foreclosure. In the McNutt case it was held that the sheriff was invested with the title as an individual, and not as an official, so that on the failure of the other trustee he was plainly designated as such individual. In the Feller case it was held that it was the official who was designated, and that it was the sheriff who happened to be in office at the time of the foreclosure.

The two cases are in agreement to the effect the sheriff was the *successor* in trust of the trustee with power to *execute the trust*.

In the Feller case the *habendum* was to the party of the second part, and to his successor or successors in trust, just as in the case at bar. The opinion explains that the title was not vested in the original trustee "out and out for *all purposes*, but merely for the purpose of *executing the trust*," and indicates that the sheriff, on the contingency named, would succeed to exactly the same estate and power. It holds that the instrument provided for *"succession of trustees,"* as shown in the passage quoted above, and the sheriff in office at the time of the foreclosure "executed the trust" (p. 331).

From an early day this court has held that the sheriff in such case acquires an interest in addition to the mere power of sale. In Beatie v. Butler, 21 Mo. 313, l. c. 319, the court said: "The distinction between the mere grant of a power and of an estate is obvious to every member of the profession, and is recognized on all occasions. Where there is a mere grant of power, the death of the grantor of the power extinguishes it."

In White v. Stephens, 77 Mo. 452, the court refers to that case and endorses the doctrine stated. The deed of trust provided that in the event of the death of the trustee the then acting sheriff of Marion County should proceed to sell the property, etc., and execute a deed; it was held that the power granted the sheriff was not revoked by the death of the grantor for the reason that the grant included an interest.

The case of McKnight v. Wimer, 38 Mo. 132, is where a deed of trust provided that in the absence, sickness or death, or disability of the trustee, the acting sheriff of the city of St. Louis might proceed to sell. The court held that it was not merely a naked power (such as an attorney in fact possesses), which could be destroyed by revocation. "The sheriff was clothed with a trust for his [beneficiary's] benefit, and the grantors did not possess the power of revocation." The opinion in that case discusses the principle at some length.

The holding mentioned above in Miller v. Bank, 235 Mo. 522, that the sheriff is not *"successor"* of the trustee, possibly was on the theory that when the trustee dies his successor provided in the contract must *eo instanti* be vested with the trust, and therefore the designation of the successor must be such that he can be ascertained at that time. According to the Feller case it is not necessary that the trust should· devolve at once upon the successor. It is necessary only that the trust shall not fail for want of a trustee, and his succession may occur immediately, or after an interval, and not alone upon the contingency of the failure of the original trustee, but upon the further contingency of a demand of foreclosure after default. That conclusion realizes the evident intention of the parties to an instrument such as we have ·under consideration, and is in harmony with the cases cited.

Therefore, it was not necessary to the conclusion reached in the case of Bank v. Miller that the court should hold, as it did, that the sheriff acquired no interest, but only a naked power; and to that extent the announcement is *obiter.* If it were merely a naked power it could be revoked at the pleasure of the grantor in any deed of trust and would lapse upon the grantor's death.

II.   The intention, which may be gathered from the instrument, compels the same conclusion.

It was said in the case of Kelsay v. Farmers & Traders ·Bank, 166 Mo. l. c. 171.

"The power to sell under a deed of trust is a matter of convention and contract between the parties, and they are authorized to select their own trustee, and presumably they do it because of their faith in his fairness, and another cannot. be substituted in his stead unless it is done in the manner, and on the conditions, to which the parties have agreed."

*Intention: Successor.*

The *habendum* here provides that the property is held to the trustee "and *to his successor as hereinafter*

*designated.''* The provision for the sale of the property in case of the trustee's absence, death, refusal to act or disability in any wise, is that the then acting sheriff of the city of St. Louis may proceed to sell; that is, *to execute the trust.* Then follows the provision that in case of such sale, a deed to the purchaser shall be made *"by the trustee or his successor."* There can be no doubt of the intention that the trustee's "successor hereinafter designated" should be no other than the sheriff. There is no other designation of a successor, and the fact that a sheriff is empowered to execute the trust is just as complete and specific a designation of him as successor to the trustee as if the word successor had been used in connection with his authority to sell. So it is evident from the terms of the instrument that it was the intention to vest the sheriff with the same interest and power to execute the trust that the trustee had.

In view of the uniform ruling that the sheriff in the contingency under consideration becomes vested with the power to execute the trust, and with an irrevocable interest which retains for him the power after the death of the grantor, the *obiter* statement in Miller v. Bank cannot be said to establish a contrary rule. Particularly it cannot control in this case where the terms of the deed of trust clearly indicate intention to make the sheriff successor in trust.

III. Respondent makes the further point that in any event under the language of the statute the court might appoint a trustee on the death of Kotthoff, because, the statute says, *"if any trustee in such deed of trust die"* the court may appoint someone to execute the trust. The argument is that the original trustee having died the contingency arose although there might be a successor; that under the statute the court is authorized to appoint a trustee if the original trustee dies, although by the terms of the instrument the trust devolves upon another trustee. If there were several

trustees vested with the estate, who should act together, the statute would apply in case of the death of any one, and it is argued that it applies if there were several trustees where the authority of each depends successively upon the failure of his predecessor.

It does not appear to us that the Legislature had any such restricted interpretation of the statute in mind in enacting it. The evident purpose was to provide for the appointment of a trustee in case of the failure of someone *to execute the trust*—the complete absence, under the terms of the instrument, of someone who might carry out its provisions; to arrange the matter so that the trust would not fail for want of a trustee.

We think the contingency did not arise which authorized the circuit court to appoint a trustee, and therefore the sale was void.

The judgment is reversed and the cause remanded. *Roy, C.,* concurs.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.