## WOODS v. RAINS et ux.
### No. 11266.

Circuit Court of Appeals, Eighth Circuit.
June 1, 1939.

Rehearing Denied June 29, 1939.

Weightstill Woods, pro se.

Elmer E. Hairgrove, of Jacksonville, Ill. (Walter W. Calvin and Bert S. Kimbrell, both of Kansas City, Mo., on the brief), for appellees.

Before SANBORN and THOMAS, Circuit Judges, and SULLIVAN, District Judge.

SULLIVAN, District Judge.

This is an appeal by the plaintiff from a judgment in favor of the defendants in the court below. The parties will be designated hereinafter as in the trial court.

The action is one in ejectment to recover the possession of certain real estate in Morgan County, Missouri, and for damages for the wrongful exclusion of the plaintiff from the enjoyment thereof. The complaint is in the usual form, averring title to the real estate in the plaintiff, the source thereof, and his right to possession. The defendants' amended answer is a general denial of the plaintiff's title and right to possession, sets out affirmative matter alleging that they, the defendants, are the owners of the fee of the property, with allegations of the source of their title, and prays that the complaint be dismissed and that the title to the property be quieted in them. The reply of the plaintiff denies the validity of the instrument upon which the defendants base their title.

The case was presented to a jury, and at the close of all the evidence, both parties, without reservation, moved for a directed verdict. The case having been tried before the effective date of the new Rules of Civil Procedure, the trial court discharged the jury and made findings in favor of the defendants, and determined that the plaintiff was not entitled to the relief prayed for in the complaint, but that the defendants were the owners in fee of the premises therein described. A decree in accordance therewith was duly entered.

The plaintiff sets out twelve assignments of error occurring at the trial. However, in his printed brief he sets out but two points (which are not included in the assignments of error) for argument.

The defendants challenge the sufficiency of the assignments of error and contend that the same do not present any questions for review in this court. This court has stated repeatedly that the purpose of assignments of error is to point out to the appellate court the specific action or ruling of the lower court which is complained of as erroneous. Wade v. Blieden, 8 Cir., 86 F.2d 75. The defendants further contend that the assignments of error have been abandoned by the plaintiff's failure to argue the same. Both of these contentions are well taken.

The case has been fully argued in this court, and the court has in mind that the plaintiff, a lawyer, has had not only the usual professional interest in the outcome of this lawsuit, but in addition thereto has had the natural and usual interest, with the incidental anxiety, of a client who is hopeful for the successful conclusion of his lawsuit; this may account for his failure to observe the requirements of the rules. So, while not approving of the plaintiff's nonobservance of the rules, we deem it proper to consider all of the evidence received at the trial to the end that the case may be reviewed on its merits.

The correctness of certain rulings of the trial court have been questioned. We have examined the record with respect thereto and it appears therefrom that the learned trial judge was not only correct in his rulings, but conducted the trial with admirable patience.

The question here is, are the findings of the trial court supported by any substantial evidence?

The evidence discloses that title to the premises became vested in the plaintiff on

April 24, 1925, and that shortly thereafter the plaintiff and his wife executed and delivered to the Greene County Building and Loan Association a deed of trust as security for a bond in the sum of $9,000. Subsequently, this deed of trust and the bond accompanying the same were released of record and canceled. On February 1, 1928, the plaintiff and his wife executed a second deed of trust to the real estate in question, to secure a bond to said building and loan association in the sum of $3,000. One E. C. Hamlin was named therein as trustee, and the Greene County Building and Loan Association as the third party. By the terms of the bond and deed of trust, the plaintiff and wife agreed to pay in monthly installments said principal sum, together with interest on the unpaid installments, to said building and loan association. The plaintiff defaulted in such monthly payments and the trustee, E. C. Hamlin, under the terms of the trust deed, sold said real estate to said building and loan association for the sum of $3,000, and on October 31, 1935, the building and loan association sold and transferred said property to the defendants herein.

The plaintiff had title to the property in dispute prior to October 26, 1935, but on that date, being in default on the terms and conditions of the bond, as security for which the said trust deed was given, the trustee named in said trust deed, under the power of sale set out therein, sold said premises as hereinbefore stated. This sale is questioned. It is the plaintiff's contention that E. C. Hamlin, the trustee, did not have the power to sell said premises because he was not a resident of Morgan County, and was absent therefrom "at the time a foreclosure was demanded by the holder of the indebtedness".

The trust deed provides, " * * * the said party of the second part [E. C. Hamlin] (or in case of his death, inability, refusal to act, or absence from Morgan County, Missouri), when said party of the third part [Greene County Building and Loan Association] * * * may desire a trustee's sale * * *". This provision is for the benefit of the third party named in said trust deed, the building and loan association. It is not for the benefit of the first party, the property owner. Its purpose is to facilitate the sale and to avoid delays in the event the third party may desire a sale of the premises upon any violation of the terms and conditions of the trust deed. Mr. Hamlin, in making the sale, was merely exercising a power conferred upon him by the deed of trust. If he failed to exercise such power upon request of the third party named in said trust deed, or if a vacancy in the trusteeship existed, then under the power of sale clause in said trust deed, a successor might be selected, and the qualifications of such successor required that he, the successor, be a resident of Morgan County. See Miller v. New Madrid Banking Co., 235 Mo. 522, 139 S.W. 192. The fact that Mr. Hamlin, at the time of the sale, was not a resident of Morgan County does not affect its validity.

The plaintiff contends in his brief that said building and loan association, at the time of the sale and shortly previous thereto, was insolvent and was, by reason thereof, unable to perform its part of the trust deed, securing the loan made by it to the plaintiff. This contention has no support in the evidence, but, on the contrary, an officer of the building and loan association testified at the trial that the company at such time was solvent. This was the only evidence received upon the trial, and no competent evidence to the contrary was offered by the plaintiff.

It is the plaintiff's further contention that since the defendants were occupying this property under a leasing agreement running from the plaintiff, the term of the lease not expiring until December 31, 1936, the defendants are estopped from asserting any title, hostile or adverse to that of the plaintiff, acquired during the term of their lease. The plaintiff overlooks the fact that the title which the defendants acquired had its source in his title. Defendants' title results from plaintiff's contract with the building and loan association, the sale by the trustee and the deed from the purchaser at the trustee's sale. The sale by the trustee terminated the relationship of landlord and tenant previously existing between the parties. A tenant may show the extinguishment of the title of the landlord. Moston v. Stow, 91 Mo.App. 554; Renshaw v. Reynolds, 317 Mo. 484, 297 S.W. 374. So, in this case the defendants, even though they were tenants of the plaintiff prior to the date of the trustee's sale, were not barred from showing title in themselves at a date subsequent to such sale. The title of the plaintiff in the property was extinguished on the date of said trustee's sale, and the

defendants are not barred by reason of the previous relationship existing between them and the plaintiff from claiming title to the premises.

The findings of the trial court are amply supported by the evidence, and the judgment appealed from is affirmed.