## COHEN v. UNITED STATES.

No. 12708.

Circuit Court of Appeals, Eighth Circuit.

June 3, 1944.

862

See also, 129 F.2d 733.

L. Gilbert Cohen, pro se.

John W. Graff, Asst. U. S. Atty., of St. Paul, Minn. (Victor E. Anderson, U.S. Atty., of St. Paul, Minn., on the brief) for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellant as plaintiff to recover $357.27, alleged to be due him from the United States for services performed for the Works Progress Administration. We shall refer to the parties as they were designated in the trial court. The complaint alleged that the action was brought under the Federal Emergency Relief Appropriation Act of 1938, Sec. 9, 52 Stat. 812, 15 U.S.C.A. §§ 721–728, and Administrative Orders Nos. 44 and 48 of the Works Progress Administration; that plaintiff was duly certified as eligible for work relief as required by statute and said administrative orders; that he was given work on October 22, 1938, and assigned to fit men's clothing, and continued such work until March 29, 1939; that he worked 924 hours, for which he was entitled to receive the sum of $785.40; that he was not paid the wages due him under the provisions of the statutes and the regulations, "which regulations and law provide for wages based on the prevalent hourly wage scale and that classifications be made according to occupational titles." It was alleged that there was due plaintiff the sum of $357.27, being the difference between the wages paid him and the amount he was entitled to receive.

Defendant by its answer put in issue the material allegations of the complaint and challenged the jurisdiction of the court upon grounds not here important. It affirmatively alleged that plaintiff was employed as a handler to assist in the distribution of clothing which had been purchased for direct relief to the needy; that he was employed at a salary of $900 per annum; that he was an administrative employee of the Works Progress Administration; that he received and accepted the benefits of sick and annual leave; that he was carried on the pay roll from October 22, 1938, to April 11, 1939; that he received the sum of $428.13, which he accepted in full and complete settlement for all services rendered by him to the Works Progress Administration, and that he should be estopped from asserting the claim set forth in his complaint.

The action was tried to the court without a jury on stipulation of the parties, and on the evidence produced by the respective parties the court made and entered detailed findings of fact and conclusions of law, finding, among other things, that during

the period from September, 1938, to April, 1939, plaintiff was employed by the Works Progress Administration to assist in the distribution of clothing in Minnesota; that there was no evidence that the distribution of this clothing was an official project of the Works Progress Administration, nor that it had been designated as such by the President; that the evidence introduced by plaintiff concerning prevailing rates of pay during plaintiff's employment did not establish what the prevailing rate of pay was during the period of such employment for work similar to that performed by him; that plaintiff was in fact employed by the Works Progress Administration in the capacity of under clerk as a clothing handler and that the salary for this classification was $900 per annum; that plaintiff knew this to be his classification during the period of his employment and he also knew what his salary would be during his period of employment; that he received this salary for his period of employment, which was the salary of such classification; that while plaintiff knew what his classification and salary were, during the entire period of his employment he at no time questioned nor complained that his classification or his rate of pay were in any way incorrect. The court concluded that plaintiff had failed to show that he was a project worker of the Works Progress Administration during the period of his employment; that he had failed to show that he was not paid by the Works Progress Administration the wages due him according to his classification; that he had failed to show that he was in fact classified as a clothing fitter. Based upon its findings, the court entered judgment that plaintiff recover nothing from the defendant and that his action be dismissed. From the judgment so entered plaintiff prosecutes this appeal. This is the second appeal in this case. On the first appeal by plaintiff, we reversed on procedural grounds. Cohen v. United States, 8 Cir., 129 F.2d 733.

As has been observed, the action was tried to the court without a jury. No questions are raised as to the admissibility of evidence, nor is there any specific challenge to any ruling of the court, nor are the findings of the court challenged as not being sustained by the evidence. Appellant, in his brief, propounds two questions, presumably as being involved. They are as follows: (1) "Was plaintiff paid and classified correctly, either in accordance with the provisions of the law and regulations relating to project workers, or the laws relating to administrative employment?" (2) "Was plaintiff paid the salary due him either as a project worker, or as an administrative employee?" Other than the foregoing, the brief contains no statement of points relied upon and intended to be urged on appeal. Rule 11 (b) Fourth of this court provides that appellant's brief shall contain "a separate and particular statement of each assignment of error (in criminal cases), or of each point relied upon (in civil cases), intended to be urged, with the record page thereof." The purpose in requiring that appellant's brief contain a separate and particular statement of each point relied upon intended to be urged, is to point out to the appellate court the specific ruling or action of the trial court which is challenged as erroneous and to limit the presentation in the appellate court to the matters in the specifications as stated in the brief. E. R. Squibb & Sons v. Mallinckrodt Chemical Works, 8 Cir., 69 F.2d 685; Hard & Rand v. Biston Coffee Co., 8 Cir., 41 F.2d 625; Wade v. Blieden, 8 Cir., 86 F.2d 75; Mathewson v. First Trust Co., 8 Cir., 100 F.2d 121; Woods v. Rains, 8 Cir., 104 F.2d 137.

In E. R. Squibb v. Mallinckrodt Chemical Works, supra, Judge Stone, speaking for this court, in referring to certain assignments of error there being considered, among other things, said [69 F.2d 687]:

"This assignment lumps together all of the findings except 1 and 2 made by the court and all of the conclusions of law stated by the court. * * * In short, the appellant has lumped into this assignment the entire case, except objections to evidence and no such objections are urged here or preserved in any assignment. All that this assignment amounts to is that a wrong decree was entered. It is a clear violation of rule 11 requiring that assignment of errors shall 'set out separately and particularly each error asserted and intended to be urged.' * * *

"Since the specifications and assignments of error present nothing for our consideration, the decree must be and is affirmed."

In the instant case the questions propounded in the brief challenge no particular action or ruling of the court but at most question "the entire case." If they be construed as an attempt to question

864

the court's findings as not being sustained by the evidence, it is clear that they do not point out where in or in what particular the evidence is lacking to sustain the findings. They are presumptively correct and will not ordinarily be disturbed on appeal unless clearly against the weight of the evidence or based upon an erroneous view of the law. Rule 52 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Howells State Bank v. Novotny, 8 Cir., 69 F.2d 32; Klaber v. Lakenan, 8 Cir., 64 F.2d 86, 90 A.L.R. 783; State Farm Mutual Automobile Ins. Co. v. Bonacci, 8 Cir., 111 F.2d 412; Aetna Life Ins. Co. v. Kepler, 8 Cir., 116 F.2d 1; Menke v. Thompson, 8 Cir., 140 F.2d 786. We have examined the evidence and are of the opinion that it abundantly sustains the findings and the court's conclusions of law are a correct statement of the law upon the facts found.

The appeal is wholly without merit and the judgment appealed from is therefore affirmed.