**RUSSELL–MILLER MILLING CO., Inc. v. TODD et al.**

No. 13743.

United States Court of Appeals
Fifth Circuit.

July 24, 1952.

Leon A. Wilson, II., Herbert W. Wilson, Waycross, Ga., for appellant.

R. A. Moore, Dewey Hayes, Douglas, Ga., E. O. Blalock, Waycross, Ga., for appellees.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Russell-Miller Milling Company, Incorporated, a Delaware corporation, brought suit against C. N. Todd, trading as Todd Milling Company, a Georgia resident, to recover on an open account the sum of $3,480.52, plus interest, for a quantity of flour shipped on March 12, 1948.

At the trial counsel for the respective parties entered into a stipulation that all charges ever made by the plaintiff against

defendants amounted to $55,846.18.[1] Thereafter a jury was struck and plaintiff's counsel proceeded to make his opening statement, whereupon the trial court, upon agreement of counsel, withdrew the case from the jury and referred it to a Special Master. Upon the filing of an amended complaint and answer thereto, in which answer defendant specifically plead discharge of the entire indebtedness by showing payments totalling $77,487.41,[2] plaintiff's counsel moved to withdraw the stipulation upon the ground that it was entered into without full knowledge of the facts and was untrue. The Master overruled and denied plaintiff's motion and later refused to allow plaintiff to introduce any evidence in variance of the stipulation or which tended to show that defendants' total indebtedness actually exceeded the stipulated figure of $55,846.18. The Master filed a report in favor of defendants on the ground that plaintiff had submitted no evidence to substantiate the allegations of its motion to set aside the stipulation and further, that since defendants had actually proved payment to plaintiff in the amount of $66,933.64, which sum was in excess of the stipulated figure, no further recovery was warranted. Plaintiff filed exceptions to the Master's report, and the district court ordered the case remanded to the Master, in an order reading in part as follows:

"it appearing that the Master has decided the case favorably to the defendant, and that such finding was based on the stipulation alone;

"After duly considering the matter the case is remanded back to the Master with instructions to hear evidence in the case, and determine the case upon the basis of the evidence and the stipulation considered together, giving due weight to both the evidence and the stipulation, together with the law as applied to both."

In accordance with the above order, the Special Master upon remand allowed plaintiff to introduce evidence which had previously been ruled out on the ground that it varied and contradicted the stipulation. However, in a second and final report, he adhered to his prior ruling in favor of defendants and found the stipulation still binding.[3]

We think appellant in its brief has sufficiently pointed out "the specific ruling or action of District Court which is challenged as erroneous."[4] Cohen v. United States, 8 Cir., 142 F.2d 861; Anderson v.

1. The stipulation in pertinent part reads as follows:

"It is further stipulated and agreed for all time and purposes that copies of bills of lading and copies of invoices attached to the deposition of Don DeForrest, which deposition is in this case and taken by the plaintiff, constitutes all shipments ever made by the plaintiff to the defendant, and all charges ever made by the plaintiff against the defendant, and that the total amount of all charges ever made by the plaintiff against the defendant amounts to $55,846.18".

2. This sum was far in excess of the $55,-846.18 stipulated as the total amount due.

3. In his second report, however, the Master further found as follows:

"1. Defendant did in fact make certain purchases from plaintiff which made charges of plaintiff against defendant in excess of the $55,846.18 as set out as the total of all charges made by plaintiff against defendant in the stipulation in this case, and the shipments of these goods were made from plaintiff's St. Louis, Missouri, plant.

"2. The total amount of all charges made by plaintiff against defendant exceeds the amount of all payments shown by defendant to have been made by defendant to plaintiff.

"3. The defendant has not shown that payment has been made of any part of amount sued for.

\* \* \* \* . \*

"Conclusions of Law.

"1. The plaintiff is bound by its stipulation entered into in open Court. \* \* \*

"2. That the defendant having shown full payment in accordance with such stipulation, judgment should be rendered in favor of defendant."

4. Under its "Brief of the Argument" appellant has incorporated the substance of its "Statement of Points" in the record as follows:

"The Appellant should not have been bound by a Stipulation of Fact which was False, Contrary to the Evidence, and which was Entered into by Counsel for

Federal Cartridge Corporation, 8 Cir., 156 F.2d 681, 683. The motion to dismiss the appeal on this ground is therefore denied.

On the merits the sole inquiry is whether the Master and the District Court properly held plaintiff bound by the stipulation. There is no contention or proof by defendants that the stipulation embodies the truth, nor has defendant ever denied the charges over and above the stipulated figure or denied receiving the additional merchandise for which the charges were made. Defendant relies entirely on its plea of payment in excess of the stipulated figure as a full discharge of its indebtedness.

The stipulation was entered into between counsel for plaintiff and counsel for defendant on the basis of the deposition of a witness, Don DeForrest, who testified that the merchandise described in the invoices attached to his deposition as exhibits was all of the merchandise shipped to defendants from plaintiff. His testimony and the exhibits clearly reveal that the merchandise referred to was only for flour shipments from plaintiff's Dallas Texas, Division, and he later testified without contradiction that he did not know at the time that defendants had also purchased large quantities of feeds from plaintiff's feed mill in East St. Louis, Illinois. There is evidence that at the time the stipulation was made counsel for plaintiff did not know that the actual amount of charges and shipments by plaintiff to defendants exceeded the stipulated figure of $55,846.18; that counsel for plaintiff only knew about the flour shipments and payments therefor and the fact that all this business had been transacted through the office of plaintiff in Dallas, Texas; that the stipulated figure exactly represented the charges and shipments made by plaintiff to defendants from the Dallas office on the flour purchases; that when counsel for plaintiff learned of the additional charges for shipments of feed to defendants from the East St. Louis, Illinois, Division, which charges were not included in the stipulated figure,

he informed counsel for defendants that he did not intend to be bound by the stipulation and intended to withdraw or amend it so as to represent the truth, but that counsel for defendants stated his intention of amending his answer so as to plead full payment and that he intended to hold plaintiff to the stipulation as binding nevertheless; that the total shipments and charges by plaintiff to defendants, taking into consideration both the shipments of flour from plaintiff's Dallas, Texas, Flour Division, as well as its shipments of feed from the East St. Louis, Illinois, Division, amounted to $75,235.69, instead of the stipulated figure of $55,846.18; that subtracting defendant's admitted payments totalling $71,755.17 from the above total charges of $75,235.69 leaves a balance due of $3,480.52, the amount sued for.

Federal Courts have on occasion granted relief from stipulations entered into under circumstances similar to those involved in the instant case. Generally the issue in such cases is whether the Trial Court has properly exercised its discretion in either granting or refusing motions to retract the stipulation complained of. See Carnegie Steel Co. v. Cambria Iron Co., 185 U.S. 403, 443–444, 22 S.Ct. 698, 46 L. Ed. 968; Westinghouse Electric & Manufacturing Co. v. Wagner Electric Manufacturing Co., 8 Cir., 233 F. 752; Maryland Casualty Co. v. Rickenbaker, 4 Cir., 146 F.2d 751. In the case of Amsinck & Co. v. Springfield Grocer Co., 7 F.2d 855, 860–861, the Court of Appeals for the Eighth Circuit held:

> "It appears in the evidence that defendant, through its counsel, entered into a stipulation, relying on statements emanating from plaintiff and its counsel that the sugar shipped was Java white granulated sugar. Counsel on both sides so believed, and in order to save time in the trial entered into the stipulation. It was a natural agreement to make, as that subject was apparently not in dispute, and no wrong is im-

Appellant under a Clear Mistake and Without Full Knowledge of the Facts, where Appellee would not have been Prejudiced by its Withdrawal, and the Master

should not have Decided the Case upon the basis of a Stipulation which was Contrary to the Findings of Fact by said Master."

puted to counsel for such representations; but we think plaintiff is not in position now to insist that by virtue of said stipulation defendant is precluded from raising the question that it was not Java white granulated sugar, having subsequent to the time of the stipulation discovered such fact. * * under the evidence it is quite apparent that such fact could not have been established. This fact, however, must have been known to the plaintiff, though evidently not to its counsel. Hence plaintiff cannot now claim that it has been misled by defendant not pleading a fact fully known to it, but of which defendant was ignorant. Nor can plaintiff insist that defendant is estopped because it relied on representations made by plaintiff or its representatives as to the character of the sugar. Estoppel cannot be invoked to establish injustice."

This is not to be regarded as a case in which a stipulation as to an amount admittedly due is entered into between counsel for both parties with full knowledge of all the facts. Here, the uncontradicted evidence reveals that appellant's counsel was laboring under an honest mistake as to the existence of the additional charges and shipments of feed from the plaintiff's East St. Louis, Ill., Division at the time he entered into the stipulation. The question of payment had not been placed in issue by the pleadings at the time the stipulation was made, so that plaintiff's counsel had no advance notice of the additional charges. On the other hand, there is evidence that defendants' counsel knew at that time that defendants had cancelled checks and drafts as evidence of payment in an amount in excess of the stipulated figure, although the Master in his final report found that "defendants' counsel had no knowledge *of charges* made by plaintiff against defendant in excess of the stipulated amount." Had the existence of all the cancelled checks and drafts been made known to counsel for plaintiff beforehand he undoubtedly would have refused to enter into the stipulation. While we do not hold that defendants' counsel was un-

der any duty to so notify him, nevertheless under such circumstances we think justice requires that plaintiff be permitted to revoke the stipulation and prove the actual amount due by competent evidence. See Carnegie Steel Co. v. Cambria Iron Co., supra; Hurt v. Hollingsworth, 100 U.S. 100, 103, 25 L.Ed. 569; Laughlin v. Berens, 73 App.D.C. 136, 118 F.2d 193, 196; Bradford v. Schmucker, 10 Cir., 135 F.2d 991, 996.

The cause is reversed and remanded to the District Court for further proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded.