FLORIDA CENT. & P. R. CO. v. CUTTING et al.`

(Circuit Court of Appeals, Fifth Circuit. June 17, 1895.)

No. 374.

1. APPEAL—ASSIGNMENTS OF ERROR.

Assignments which merely allege error in making certain decrees, with-out more particularly pointing out in what the error consisted, are not in accordance with the requirements of rule 11 of the circuit court of appeals for the Fifth circuit, and will be stricken from the record on motion.

2. SAME—OBJECTIONS WAIVED—MASTER'S COMPENSATION.

An allowance to a special master being contested on appeal, the court stated that the allowance appeared on the face of the record to be ex-cessive, and that, as the cause must be remanded, opportunity should be allowed to regularly contest the same. The cause having been referred to a different master, the special master proved by his own evidence that he had earned the amount asked. No evidence was offered by the contestants to show the character or amount of his services. The allowance was, how-ever, reduced in a considerable amount. *Held*, that on a second appeal the reduced allowance should not be disturbed.

Appeal from the Circuit Court of the United States for the South-ern District of Florida.

This was a foreclosure suit brought by William Bayard Cutting against the Tavares, Orlando & Atlantic Railroad Company, in which the Florida Central & Peninsular Railroad Company inter-vened. On a former appeal certain decrees of the circuit court were reversed, and the cause was ordered to be referred to a master for certain purposes stated. 9 C. C. A. 401, 61 Fed. 150. Further proceedings were accordingly had in the circuit court, and the in-tervener has again appealed from decrees there entered.

John C. Cooper and John A. Henderson, for appellant.

H. Bisbee, C. D. Rinehart, and R. H. Liggett, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PARDEE, Circuit Judge. This case was before this court on appeal at the last term, when, on consideration, it was remanded to the court below "with instructions to refer the same to a master to report (1) the amount due and unpaid by the Florida Central & Peninsular Railroad Company on account of the purchase of the Tavares, Orlando & Atlantic Railroad properties, in accordance with the decree of April 14, 1891, and consistent with the views herein expressed, and as equity may require; (2) a schedule of distribution of the proceeds of sale, in accordance with the provisions of the decree of foreclosure and sale rendered December 24, 1890, consist-ent with the views herein expressed, and as equity may require; (3) to take evidence and report on the claim of Philip Walter, Esq., for compensation for services rendered in the progress of the cause as special master and master commissioner." After proceedings in the circuit court, it is again brought up on appeal with the follow-ing assignments of error:

"(1) That the court erred in making its order and decree herein dated the 9th day of February, A. D. 1895, on exceptions to master's report in above-stated cause. (2) The court erred in making its order and final decree dated the 2d day of March, A. D. 1895, confirming master's report, and ordering payment in above-stated cause."

The appellees have made the following motion:

"Come now the appellees, by Bisbee & Rinehart, their solicitors, and move to strike from the transcript of record in this cause the assignment of errors found on page 167 of the transcript, on the ground that the assignments of error are not made in accordance with rule 11, 11 C. C. A. cii., 47 Fed. vi. Neither of the two assignments state any particular error, nor indicate to the court or counsel in what respect the court erred. In fact, these assignments are nothing more than that the court erred in deciding the case at all."

This motion is undoubtedly well founded. Appellant has followed with a motion as follows:

"For leave to file further and additional assignments of error in said cause, in the event that the court sustain the motion of W. C. Lewis and others to strike the present assignments from the record; such further and additional assignments of error to cover the same matters as those heretofore assigned as error to the several rulings of the court below, and setting forth the grounds on which the said errors are assigned."

Without reference to the indefinite character of this motion, we deny the same, because the disregard of our rule 11 has become so general that without a decidedly equitable showing in favor thereof, we are no longer disposed to relieve counsel from the effects of their own neglect. As this case has been argued at length, orally and by brief, we will so far examine the record (as rule 11 provides) as is necessary to determine whether there are any plain errors upon the face of the record.

The first one suggested is that the report of the special master is erroneous in disallowing the sum of $613.92 of claims said to have been paid by the purchaser for and on account of obligations incurred by the receiver while operating the property before the sale. The special master found that the proof was not sufficient to show that the claims in question were really obligations of the receiver. On examination of the evidence submitted, we think there is no error in this finding.

The next complaint is that there was error in the report of the master, and carried into the decree appealed from, because a different basis for the allowance of interest was adopted as between the purchasing bondholder and the few outside bondholders. The purchasing bondholder was only allowed interest to May 14, 1891, the date fixed by the decree of confirmation for the purchaser to pay into court the balance of the purchase money, while the few outside bondholders, who have been, during all the delays caused by this litigation, kept out of their proportion of the proceeds, were allowed interest up to the date of the final distribution ordered by the decree herein appealed from. The practical effect of this is to compel the purchasing bondholder to pay interest upon such part of the purchase money as belonged to the outside bondholders from the time fixed by the court for the payment to the date of the decree, during which time, as the record shows, the purchaser has been retaining such portion of the purchase money. While the decree appealed

from in this respect is subject to some criticism, on the whole, we are of opinion that it does substantial justice between the parties.

The next complaint is that the allowance of compensation to Philip Walter, Esq., first special master in the case, is excessive. On the hearing ordered for the purpose of permitting the parties to contest the amount of this allowance, no evidence whatever was offered by the contestants to show what was the character or amount of service rendered by Special Master Walter. Mr. Walter proved by his own evidence that he had earned the compensation asked. The court below reduced his demand from $5,915 to $5,280, allowing the latter sum. The appellant seems to rely wholly upon the remarks by this court on the former appeal, wherein Special Master Walter's allowance for services was contested. We then said:

"As, on the face of the record, the allowances complained of appear to be excessive, particularly in view of the character of the work as exhibited by the transcript, and as the case must necessarily be remanded and another reference ordered, and largely because there is no sufficient master's report in the record, we are of the opinion that the parties who are to be required to pay the apparently excessive allowances should be allowed the right to regularly contest the same."

Whether or not we continue of the same opinion with regard to the services and compensation in question, we are clear that on an appeal of this kind we ought not to substitute our opinion in place of the evidence, master's report, and decree of the court below.

The learned counsel for appellees have made a strenuous appeal to this court to impose damages upon the appellant for a frivolous appeal, and there are many phases of this case which seem to warrant the imposition of such damages. A majority of the judges, however, are indisposed to say that the appeal is wholly frivolous.

The decree appealed from is affirmed, with costs.