McFARLANE v. GOLLING et al.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1896.)

No. 306.

1. ASSIGNMENT OF ERRORS.

Specifications of error aimed at the opinion of the court, and not at the decree rendered, need not be considered.

2. SAME.

Under rule 24 of the circuit court of appeals (11 C. C. A. cx., 47 Fed. xi.), requiring the specification of error to "state as particularly as may be in what the decree is alleged to be erroneous," specifications that "the court erred in directing a decree for the complainants without considering and providing for the just and equitable claim of the defendant," and "the court erred in disregarding the equities of the controversy," are insufficient.

3. ESTATE OF DECEDENT—PAYMENT OF DEBTS.

In the absence of testamentary provision to the contrary, the personal estate of a decedent is a primary fund for the payment of his debts, and a creditor who would reach the real estate must show that the personal estate has been exhausted.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

G. W. Hazelton, for appellant.

A. A. Jackson, for appellees.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This suit was begun in the circuit court of Dodge county, Wis. It was brought for the purpose of having a deed of conveyance of real estate declared a mortgage, and ordered satisfied, and to recover rents collected by the mortgagee. The deed was executed December 22, 1891, by Frederick J. Golling, to the appellant, Hugh McFarlane. The property is at Beaver Dam, Wis. Golling died intestate October 3, 1893, at Chicago, where he had resided and been in business since 1887. The complainants are the brothers and sisters and only heirs at law of the deceased. They allege in their complaint that the deed was intended as a security for loans amounting to $2,026.36, and that Golling, before his death, had paid the debt in full. The answer admits that the deed was intended as a security, but alleges that, besides the sum mentioned, it was given to secure other obligations of Golling to McFarlane to the amount of $3,000, unpaid. The court found that the deed was given to secure the first-named sum, and no more; that the debt had been paid by Golling except the sum of $53.30,

which, deducted from rents received by McFarlane after Golling's death, left a balance due the complainants of $146.14, for which with costs of the suit the court gave judgment as prayed, and entered a decree declaring the mortgage satisfied, and ordering a conveyance of the land by McFarlane to the complainants.

The assignment of errors is objected to as "uncertain, insufficient, and not a compliance with the rules of the court." It contains numerous specifications which need not be considered, because they are aimed at the opinion of the court, and not at the decree rendered. Caverly v. Deere, 13 C. C. A. 452, 66 Fed. 305, and 24 U. S. App. 617; Russell v. Kern, 16 C. C. A. 154, 69 Fed. 94, and 34 U. S. App. 90; Davis v. Packard, 6 Pet. 41, 48.

By the second clause of rule 24 of this court (11 C. C. A. cx., 47 Fed. xi.) the specification of error in a case brought up by appeal is required to "state as particularly as may be in what the decree is alleged to be erroneous." There is here no specification which designates any particular in which the decree is supposed to be wrong or defective. The nearest approximation to it is the twelfth specification, which says, "The court erred in directing a decree for the complainants without considering and providing for the just and equitable claim of the defendant;" but that is hardly less general and indefinite than the next specification, which is that "the court erred in disregarding the equities of the controversy." It should not be necessary to look to the appellant's brief to learn the meaning of his assignment of errors. Grape Creek Coal Co. v. Farmers' Loan & Trust Co., 12 C. C. A. 350, 63 Fed. 891, and 24 U. S. App. 38. The requirement of rule 11 (11 C. C. A. cii., 47 Fed. vi.) that the assignment of errors shall be filed "with the clerk of the court below, with the petition for the writ of error or appeal," was designed to bring into the record at that time a separate and particular statement "of each error asserted and intended to be urged," and to a large extent the rule is a nullity if, under general and indefinite specifications like those quoted, the appellant may be able afterwards to bring forward objections to the decree or judgment, which, when error was assigned, had not been thought of.

But, notwithstanding the lack of a proper assignment of errors, we have considered all objections which have been urged against the decree in this case, and are satisfied that they are unfounded. That the mortgage was intended to secure only the loan of money, the evidence is convincing, and there was no error in refusing to determine what, if anything, was due the appellant upon other demands or considerations. If the deceased owed him other sums than the mortgage debt, the fact was no defense in law or equity to a suit brought to have the mortgage declared satisfied. The proposition of the appellant is "that, whether this indebtedness is secured by the mortgage or not, it is in either case a claim and charge upon this property which equity will take care of before turning the property over to the complainants"; or, as it is also stated: "The death of a party creates new conditions and establishes new rights. The claims of creditors become at once a lien on the property of the deceased, and the equities of the heirs do

not begin till those claims are satisfied." There can be no question that the lands of an intestate, though they descend to the heir, and not to the administrator, remain "liable to the debts of the ancestor, and subject to be sold for those debts" (Bank v. Dudley's Lessee, 2 Pet. 523; Watkins v. Holman, 16 Pet. 62); but that does not mean that any particular piece of property, and especially if it be real estate, becomes subject to a lien, which, as such, could be enforced in favor of a particular creditor. On the contrary, it is the well-established rule of equity, enforced in Wisconsin, and probably in most or all of the states, by statute, that, in the absence of testamentary provision to the contrary, the personal estate of a decedent is the primary fund for the payment of his debts, and that a creditor who would reach the real estate must show that the personal estate has been exhausted. Story, Eq. Jur. § 573; McGonigal v. Colter, 32 Wis. 614. The appellant filed no cross bill, and his answer, while setting forth his several demands, asserts only a mortgage lien. The facts necessary to charge the land for the payment of unsecured liabilities are not alleged. On the contrary, it is averred in the bill of complaint, and not denied in the answer, that Golling died possessed of personal property exceeding $5,000 in value, that his indebtedness was about $1,000, and that letters of administration had been issued by the probate court of Cook county, Ill.

There was no error in applying the rents collected by the appellant to the payment of the unpaid balance due upon the mortgage debt, and in giving judgment against him for the remainder. Rents which accrue from real estate after the death of the owner belong to the heir, and not to the administrator or legal representative.

The decree of the circuit court is affirmed.