## WADE v. BLIEDEN.

### No. 10678.

Circuit Court of Appeals, Eighth Circuit.

Nov. 5, 1936.

Surrey E. Gilliam and Edward H. Coulter, both of El Dorado, Ark. (Charles W. McKay, of Magnolia, Ark., on the brief), for appellant.

Arthur L. Adams, of Jonesboro, Ark., for appellee.

Before GARDNER, SANBORN, and FARIS, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a decree in favor of the plaintiff in a suit brought by Ed Blieden, trustee in bankruptcy of the estate of S. R. Morgan, bankrupt, against Hopkins Wade to recover three promissory notes alleged to have been transferred to Wade by the bankrupt in fraud of his creditors within four months prior to the filing of the petition in bankruptcy.

On March 5, 1936, the appellant filed his petition for the allowance of this appeal, together with the following "Assignments of Error":

"I. The District Court erred in rendering a decree in favor of plaintiff.

"II. The District Court erred in failing and refusing to enter a decree in favor of defendant.

"III. The District Court erred in making and entering findings of fact and conclusions of law in favor of plaintiff.

"IV. The District Court erred in refusing to make and enter findings of fact and conclusions of law in favor of defendant as proffered by him.

"V. The District Court erred in denying defendant's motion to strike the findings of fact and conclusions of law proffered by plaintiff.

"VI. The District Court erred in its orders and rulings on the admission and exclusion of evidence in the following particulars:" [No particulars are set out.]

On March 18, 1936, the appellant, without leave of this court, filed a "Supplemental Assignment of Errors" purporting to supplement and enlarge assignment No. VI quoted above. The supplemental assignment reads:

"VI. The District Court erred in its orders and rulings on the admission and exclusion of evidence in the following particulars:

."1. The plaintiff offered in evidence a certain order of the refereree in bankruptcy entered on April 13, 1934, in the cause of Cherokee Public Service Company, Bankrupt, purporting to vest title in certain notes (presumably the notes in suit) in Alfred K. Foreman, receiver for the Chicago Bank of Commerce, as against the trustee for the said Cherokee Public Service Company, Bankrupt. Defendant objected to the introduction of said order for the reason that he was not a party to the proceeding in which said order was entered, was not shown to have had any knowledge concerning the same, and would not be bound thereby. The objection was overruled, and defendant saved his exceptions and now assigns this action of the court as error.

"2. The plaintiff offered in evidence a certain order of the referee in bankruptcy entered on November 14, 1934, in the cause of Cherokee Public Service Company, Bankrupt, authorizing the sale by the trustee of the notes in suit to S. R. Morgan. Defendant objected to the introduction of said order for the reason that he was not a party to the proceeding in which it was entered, was not apprised thereof. and would not be bound thereby. The objection was overruled, defendant saved his exceptions, and now assigns this action of the court as error."

At the outset, we are met with the contention of the appellee, the trustee in bankruptcy, that these assignments of error are insufficient to present any question for review.

Rule 23 of this court provides as follows: "The appellant shall file with the clerk of the court below, with his petition for the appeal, an assignment of errors, which shall set out separately and particularly each error asserted and intended to be urged. No appeal shall be allowed until such assignment of errors shall have been filed. When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full evidence so admitted or rejected and the objections, exceptions and rulings thereon. * * * Such assignment of errors shall form part of the transcript of the record and be printed with it."

The requirements of rule 23 are not limited to appeals in actions at law, but are also applicable to appeals in equity. Farrar v. Churchill, 135 U.S. 609, 614, 10 S.Ct. 771, 34 L.Ed. 246; Randolph v. Allen (C.C.A.5) 73 F. 23, 29.

Assignments I and II amount to nothing but a statement that the court entered the wrong decree. Such assignments do not set out "separately and particularly" any claimed error. They do not point out in what respects or for what reasons the decree is claimed to be erroneous, and are therefore insufficient. Columbia Pictures Corp. v. Lawton-Byrne-Bruner Ins. Agency Co. (C.C.A.8) 73 F.(2d) 18, 19; McCarthy v. Ruddock (C.C.A.9) 43 F.(2d) 976; Florida Cent. & P. R. Co. v. Cutting (C.C.A.5) 68 F. 586; McFarlane v. Golling (C.C.A.7) 76 F. 23; Doe v. Waterloo Min. Co. (C.C.A.9) 70 F. 455, 461; Trustees System Co. of Pennsylvania v. Payne (C.C.A.3) 65 F.(2d) 103, 108; Simkins Federal Practice (Revised Edition) § 944.

Assignments III, IV, and V amount to nothing more than a statement that the court should not have made the findings which it made, but should have adopted the findings proposed by the appellant. In other words, the appellant in his assignments of error asserts generally that the trial court made wrong findings and

reached wrong conclusions, and invites this court to retry the entire case, without indicating to this court in such assignments in what respects and for what reasons the findings of fact and conclusions of law upon which the decree is based are erroneous. In a recent opinion of this court it was held that such assignments were "a clear violation of rule 11 [now rule 23] requiring that assignment of errors shall 'set out separately and particularly each error asserted and intended to be urged.'" E. R. Squibb & Sons v. Mallinckrodt Chemical Works (C.C.A.8) 69 F.(2d) 685, 687. See, also, Columbia Pictures Corp. v. Lawton-Byrne-Bruner Ins. Agency Co., supra.

There remains to be considered only assignment VI and the supplemental assignment VI, relating to the admission of certain evidence. Appellant in his brief concedes that these assignments "are not entirely satisfactory." It is unnecessary to consider whether the supplemental assignment was properly filed, because neither the original nor the supplemental assignment quotes the "full evidence so admitted * * * and the objections, exceptions and rulings thereon," and because, in any case tried without a jury, there is a presumption that the trial court considered only legal evidence and disregarded that which was incompetent. Unkle v. Wills (C.C.A.8), 281 F. 29, 34; Johnson v. Umsted (C.C.A.8) 64 F.(2d) 316, 318; Garden City Feeder Co. v. Commissioner of Internal Revenue (C.C.A.8) 75 F.(2d) 804, 807.

"Rules of appellate practice are necessary. If parties, through oversight, fail in compliance therewith, they are afforded a remedy through amendment which is all sufficient to protect every substantial right. This court has repeatedly permitted such amendments where seasonably sought and when such accorded with the justice of the situation. This method not only amply protects the parties, but it preserves the helpful purposes of the appellate rules in providing orderly procedure." E. R. Squibb & Sons v. Mallinckrodt Chemical Works, supra (C.C.A.) 69 F.(2d) 685, at pages 687, 688.

The assignments of error are insufficient to raise any question for review. Appellant did not at any time seek leave of this court to amend or supplement the assignments. If any error was committed in the trial of this cause in the court below, it was not so plain and vital as to now call for the intervention of this court to prevent an obvious miscarriage of justice.

The decree is therefore affirmed.