KRAUSE et al. v. SNYDER.

No. 10648.

Circuit Court of Appeals, Eighth Circuit.
Feb. 4, 1937.

Rehearing Denied March 1, 1937.

Bryan Wilson, of St. Louis, Mo. (Oakley & Frank, Ernest F. Oakley, Dunbar & Dubail, and Charles R. Judge, all of St. Louis, Mo., on the brief), for appellants.

Ruby M. Hulen, of St. Louis, Mo., for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment against appellants, defendants below, as indorsers on a promissory note. The answer pleaded in effect two defenses: (1) That the note sued upon was a renewal of a prior note, and that it was understood and agreed that it should be signed by all the indorsers on the prior note, but that contrary to this agreement certain of the indorsers did not sign, and the note was nevertheless delivered in violation of such agreement; and (2) that certain payments were made by the maker of the note that were not credited upon it, but were credited upon another note executed by the maker on which appellants were not indorsers, and which should have been indorsed upon the note in suit. At the trial of the action, however, it was stipulated that all previous indorsers had signed the note in suit, and the first defense was not further urged in the lower court.

The action was tried to the court without a jury on stipulation of the parties, and the court found the issues in favor of plaintiff and against defendants (appellants here), and entered judgment for the amount found due upon the promissory note, together with interest and costs. In due time appellants filed their petition for the allowance of this appeal, and with the petition filed the following as their assignment of errors:

"1. The Court erred in failing to rule on the findings of fact filed by defendants and submitted to the Court.

"2. That the Court erred in failing to rule on the conclusions of law filed by defendants and submitted to the Court.

"3. The Court erred in failing to find the facts as submitted by the findings of fact filed by the defendants.

"4. The Court erred in failing to declare the law as set forth in the declarations of law filed by defendants.

"5. The Court erred in rendering judgment for the plaintiff against the defendants in the sum of Sixty-nine Hundred and Ninety-One Dollars and fifty cents ($6,991.50).

"6. The Court erred in failing to render judgment for the defendants against the plaintiff.

"7. The Court erred in refusing to credit defendants with the sums of money paid by the American Sand & Material Company to the plaintiff and credited on a note of the American Sand & Material Company to the plaintiff dated June 7, 1930, or successive renewals thereof.

"8. The Court erred in excluding evidence of the defendant E. J. Krause and particularly testimony relating to conversations between the said defendant and

Henry Mueller and conversations between said defendant and Leo Hummert.

"9. The Court erred in excluding evidence of the defendant Frank H. Hoell and particularly testimony relating to conversations between the said defendant and Henry Mueller and conversations between said defendant and Leo Hummert.

"10. The Court erred in excluding from the evidence testimony of the witness Jamieson and more particularly testimony of the witness relating to his examination of the books and records of the American Sand & Material Company.

"11. The Court erred in holding that the plaintiff was not bound by the acts of Henry Mueller, its President, in his dealings with Leo Hummert and the American Sand & Material Company under any circumstances.

"12. The Court erred in excluding the testimony of witness Leo Hummert and more particularly relating to conversations between the said witness and Henry Mueller.

"13. The Court erred in excluding testimony of witness Leo Hummert and more particularly testimony of said witness relating to the withdrawal of Thirty-Five Hundred Dollars ($3500.00) from the balance of the American Sand & Material Company with the plaintiff bank, the crediting of said amount on the note of the American Sand & Material Company dated June 7, 1930, or renewals thereof, and the charging of said amount to the witness on the books of the American Sand & Material Company."

On this appeal all of the foregoing assignments have been abandoned, except assignments No. 5, No. 7, and No. 10, which are preserved in appellants' brief. These assignments are wholly insufficient and inadequate to present anything for review. Rule 23 of this court provides for the filing of assignment of errors with the petition for appeal, which assignment "shall set out separately and particularly each error asserted and intended to be urged. * * * When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full evidence so admitted or rejected and the objections, exceptions and rulings thereon." Rule 14, which has reference to the briefs to be presented to this court, provides that the brief shall contain "a separate and particular statement of each assignment of error intended to be

urged, with the record page thereof. When such error is as to the admission or rejection of evidence, the statement shall quote such evidence with the rulings thereon, giving pages of the printed record where it occurs."

Assignment No. 5, reproduced in the brief as assignment No. 1, can scarcely be called an assignment of error. It is too general and points out no particular error. Southern Surety Co. v. Lee County Bank, Title & Trust Co. (C.C.A. 8) 36 F.(2d) 220; Flanagan v. Benson (C.C.A. 8) 37 F.(2d) 69; McClendon v. United States (C.C.A. 8) 229 F. 523; Lahman v. Burnes Nat. Bank (C.C.A. 8) 20 F.(2d) 897; Solomon v. Newburger (C.C.A. 8) 35 F.(2d) 328; Allen v. Hudson (C.C.A. 8) 35 F.(2d) 330; Wade v. Blieden (C.C.A. 8) 86 F.(2d) 75. Assignment No. 7, reproduced in the brief as assignment No. 2, refers to no specific ruling of the court, but is a general challenge to the correctness of the judgment. The purpose of an assignment of error is to point out to the appellate court what action or ruling of the lower court is complained of, and to indicate in what respect or for what reason the action of the court is claimed to be erroneous. The party complaining of the action of the lower court "must lay his finger upon the point of objection and must stand or fall upon the case he made in the court below." Assignment No. 10, reproduced in the brief as assignment No. 3, refers to some ruling of the court excluding evidence, and embodies no statement of evidence excluded and refers to no specific rulings. We have often said that each assignment challenging the rulings of the court on the admissibility of evidence should contain the matter objected to, the objection, the ruling of the court thereon, with any exception allowed, and any further matter that may be carried into the record by reason of the ruling of the court on the objection. Ed S. Michelson, Inc., v. Nebraska Tire & Rubber Co. (C.C.A. 8) 63 F.(2d) 597; Federal Surety Co. v. Standard Oil Co. (C.C.A. 8) 32 F.(2d) 119; Combs v. United States (C.C.A. 8) 65 F.(2d) 787; Wagner Electric Corp. v. Snowden (C.C.A. 8) 38 F.(2d) 599; Maryland Casualty Co. v. Elmira Coal Co. (C.C.A. 8) 69 F.(2d) 616.

These assignments not only do not substantially comply with the rules of this court, but they do violence to the general principle of orderly procedure. In a re-

cent opinion of this court, Wade v. Blieden, 86 F.(2d) 75, Judge Sanborn has fully covered this question, and has there collected many of the controlling authorities. The instant case is clearly controlled by what is said in Wade v. Blieden, supra.

We have looked into the record far enough to satisfy ourselves that the lower court did not commit any such plain or fundamental error as to call for the intervention of this court to prevent a miscarriage of justice. The judgment appealed from is therefore affirmed.