**BUTLER et al. v. UNITED STATES.**

No. 11564.

Circuit Court of Appeals, Eighth Circuit.

Dec. 7, 1939.

G. W. Botts, of De Witt, Ark., for appellants.

Russell Morton Brown, of Washington, D. C., Atty., Department of Justice (Norman M. Littell, Asst. Atty. Gen., Gordon

**28**

Frierson, Asst. U. S. Atty., of Little Rock, Ark., and Charles R. Denny, Jr., of Washington, D. C., Atty., Department of Justice, on the brief), for appellee.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment entered in condemnation proceedings instituted by the United States· It has moved to dismiss the appeal for failure of the appellants to comply with the fourth subdivision of paragraph 2 of Rule 14 of the Rules of this Court (effective September 16, 1938), which requires that a brief shall contain "a separate and particular statement of each assignment of error (in criminal and bankruptcy cases) or of each point relied upon (in civil cases) intended to be urged, with the record page thereof. When the error is as to the admission or rejection of evidence, the statement shall quote such evidence with the rulings thereon, giving pages of the printed record where it occurs." Paragraph 4 of Rule 14 provides: "When, according to this rule, an appellant in a criminal case is in default, the appeal may be summarily dismissed; and, on motion, any appeal may be dismissed; * * *."

■ With a single exception, all of the appellants' points to be relied upon as stated in their brief relate to alleged errors with respect to the admission or rejection of evidence, without quoting such evidence with the challenged rulings thereon and without showing what rulings are challenged. The only point which does not relate to evidence admitted or rejected is stated as follows: "The court erred in rendering judgment to condemn the land in controversy." This point is obviously insufficient to direct this Court's attention to any action or ruling of the court below which is claimed to be erroneous. Ayers v. United States, 8 Cir·, 58 F.2d 607, 608; Wade v. Blieden, 8 Cir., 86 F.2d 75, 77; Krause v. Snyder, 8 Cir., 87 F.2d 723, 725; Hobbs-Western Co. v· Employers' Liability Assur. Corp., Ltd., 8 Cir., 102 F.2d 32, 34; Humphreys Gold Corp. v. Lewis, 9 Cir·, 90 F.2d 896, 899.

■ A failure to comply with the requirements of the fourth subdivision of paragraph 2 of Rule 14 of the Rules of this Court, which is a mere restatement of a rule which has existed for many years, warrants either a dismissal or affirmance

(Mathewson v. First Trust Co. of St. Joseph, Mo., 8 Cir., 100 F.2d 121, 123, and cases cited), and a statement of points relied upon which is violative of the rule presents no question which this Court is required to review. See and compare Haldane v. United States, 8 Cir., 69 F. 819, 821; Wagner Electric Corp. v. Snowden, 8 Cir., 38 F.2d 599, 601; Wade v. Blieden, 8 Cir., 86 F.2d, 75, 77, supra; Krause v. Snyder, 8 Cir., 87 F.2d 723, 725, supra; Morehouse v. United States, 8 Cir., 96 F.2d 468, 469. This case is not one which requires that compliance with Rule 14 be waived in order to prevent a manifest injustice.

The motion of the appellee is granted, and the appeal is dismissed.