**KUPER v. BETZER.**

No. 12099.

Circuit Court of Appeals, Eighth Circuit.
April 7, 1942.

Rehearing Denied April 29, 1942.

See, also, 8 Cir., 115 F.2d 842.

T. R. Johnson, of Sioux Falls, S. D., for appellant.

Holton Davenport, of Sioux Falls, S. D. (Ellsworth E. Evans, of Sioux Falls, S. D., on the brief), for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

The first question for decision in this case is whether the appellant has substantially complied with the rules of this court. Rule 75 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and particularly paragraph (d) thereof, requires: "If the appellant does not designate for inclusion the complete record and all the proceedings and evidence in the action, he shall serve with his designation a concise statement of the points on which he intends to rely on the appeal."

In an effort to conform to this provision, and because the appellant had not designated for inclusion the complete record, her counsel filed a statement in the trial court entitled "Statement of Points of Plaintiff-Appellant." This statement contained averments of errors alleged to have been committed in the trial. With negligible exceptions counsel referred for particulars to a motion for a new trial which had been previously filed and overruled. Such motion was, however, included in the transcript. Eleven of the points consisted of complaints against the refusal of the trial court to give requested instructions. The instructions so requested were set out in the motion for new trial only. Number 12 of said "Statement of Points" was a complaint that "the court erred in entering judgment based upon said verdict." Points 13, 14, 15, 16 and 17 contained particulars with respect to the admission and exclusion of testimony and did not refer for particulars to the motion for a new trial.

In appellant's brief, immediately after her Statement of Facts, there is set out the following:

"Points and Authorities.

"Point I. Order Denying Plaintiff a New Trial."

Several cases were listed immediately below this statement and heading. There followed the words:

"Point II. Plaintiff's Requested Instruction No. I."

Again several cases were listed.

Identical headings were given for the next eight points, save as to a difference in the number of the point and the requested instruction. Each numbered point was followed by a list of authorities.

The remainder of "Points and Authorities" follows:

"Point X. Insufficiency of the Evidence to Justify the Verdict. Cases.

"Same as cited under Point I.

"Point XI. Plaintiff's Exceptions Taken in Presence of Jury.

(See rule 51).

"Point XII. Same as cited under Points I and X.

"Points XIII–XVII, Inc. Rulings in Re Admission of Evidence."

Following the foregoing were the headings:

"Argument and Authorities

"Assignment of Errors."

Then the statement:

"The court erred in refusing to give plaintiff's requested instruction No. I (19) (32)"

By checking the record it is observed that "(19)" refers to the motion for a new trial and "(32)" refers to Statement of Points in the transcript. This assignment of error was argued in the brief and cases discussed but the requested instruction was not set out.

The same language was used in other assignments up to and including "Point IX" save only that a different number was given to the refused instruction. Each assignment was followed by a printed argument and discussion of the cases cited, but the objectionable instructions were not quoted.

The next and last assignment of error was in "Point XI", and is as follows: "Plaintiff was required to take her exceptions to the refusal of the court to give her several requested instructions in the presence and hearing of the jury. (33) (138)" This, too, was followed with a printed discussion.

■ 1. Rule 14 of this court requires, among other things: "Fourth.—A separate and particular statement of each point relied upon (in civil cases) intended to be urged, with the record page thereof. When the error is as to the admission or rejection of evidence, the statement shall quote such evidence with the rulings thereon, giving pages of the printed record where it occurs. When the error is as to the instructions of the court, the statement shall quote the portion of the instructions or the requested instructions refused which is claimed as error, giving pages of the printed record where it occurs." And a further requirement: "Fifth.—A concise statement of each point to be argued, with a complete list of all cases and statutes referred to in the argument thereof." It will be seen from the foregoing that the appellant did not in any way comply with these very plain, simple requirements of Rule 14, and, in consequence, no question was raised for review. Wade v. Blieden, 8 Cir., 86 F.2d 75; Woods v. Rains, 8 Cir., 104 F.2d 137; Krause v. Snyder, 8 Cir., 87 F.2d 723, 725. In the latter case the court said, in discussing a similar situation: "These assignments not only do not substantially comply with the rules of this court, but they do violence to the general principle of orderly procedure."

■ 2. In the interests of justice we have examined the record. The appellant sued for injuries alleged to have accrued to her by reason of an automobile collision in the outskirts of DeSmet, South Dakota, on the morning of July 10, 1938. The appellant was a passenger in the rear seat of an automobile being driven northward on Highway 25. The appellee was, at the same time, driving an automobile westwardly on Highway No. 14. It was at the intersection of these two highways that the accident occurred. There was substantial testimony to support the verdict of the jury. The issues of fact in the case were simple, and the jury found for the appellee.

■ The instructions requested by the appellant were fully covered in the charge to the jury. The record shows that appellant's counsel took his exception to the refused instructions out of the hearing of the jury. The proceedings of the trial were regular, and there is nothing to indicate that the appellant did not have a fair trial.

The judgment of the trial court upon the verdict of the jury is affirmed.