## PALMER v. MILLER.

### No. 12923.

Circuit Court of Appeals, Eighth Circuit.
Dec. 18, 1944.

Charles M. Miller, of Kansas City, Mo. (Edwin S. McAnany and Omar E. Robinson, both of Kansas City, Mo., on the brief), for appellant.

Arthur C. Popham, of Kansas City, Mo. (Cowgill & Popham and Sam Mandell, all of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a judgment for the defendant (appellee) entered upon the verdict of a jury in an action brought by the plaintiff (appellant) to recover damages for injuries to his left ear which were alleged to have been caused by the defend-

ant's negligence. Jurisdiction was based on diversity of citizenship.

In his points relied upon for reversal, the plaintiff challenges: (1) The instructions of the court; (2) rulings on objections to statements of defendant's counsel during the closing arguments to the jury; (3) the sufficiency of the evidence to sustain the verdict; and (4) the conditions under which the final deliberations of the jury took place.

The claim of the plaintiff, stated in his complaint, is, in substance: That in July, 1942, he had slightly impaired hearing in his left ear; that he ordered a hearing device from the defendant, who was an agent for the Vacolite Company, of Texas, a manufacturer of such devices; that the defendant advised the plaintiff that it would be necessary to make an impression of plaintiff's left outer ear, so that the ear piece of the device could be moulded to fit that ear; that the defendant also advised the plaintiff that the impression would be made by filling his outer ear with plaster of Paris in semi-liquid form, which would be removed when it had hardened, and that the defendant would pack the auditory canal of the plaintiff's left ear so as to prevent any of the plaster of Paris entering the inner ear; that the defendant represented that he had the requisite skill to make the impression without danger to the plaintiff; that on July 24, 1942, the defendant made the required impression at the plaintiff's home in Kansas City, Kansas; that in making it the defendant placed an inadequate amount of cotton in the auditory canal of the ear and so negligently and carelessly packed the canal that it was not wholly closed; that, as a result, some of the plaster of Paris entered the inner ear; and that the effect of the entry of the plaster into the plaintiff's inner ear was to destroy the hearing in his left ear, to cause him much pain and suffering, and to require an operation for the removal of the plaster.

In his answer, the defendant denied the material allegations of the complaint.

Upon the trial, the undisputed evidence showed that the defendant had sold to the plaintiff the device referred to in the complaint; that the defendant had made a plaster of Paris impression of the plaintiff's left outer ear; that before doing so he had packed the auditory canal of the ear with cotton; that some of the plaster had, nevertheless, passed into the plaintiff's inner ear; that the plaster caused the plaintiff much pain; that to remove it an operation had to be performed; and that the operation was followed by infection.

At the close of the evidence, there were two controversial issues of fact: 1. Was the defendant negligent in packing the auditory canal of plaintiff's left ear, as charged in the complaint? 2. What were the nature and extent of the injuries caused by the negligence, if any, of the defendant, and what damages would compensate the plaintiff for such injuries? In other words, the two issues about which there was disagreement were (1) the issue of liability, and (2) the issue of damages.

Neither party moved for a directed verdict. Both parties submitted requests for instructions. The requested instructions were discussed by the court and counsel, and the court stated that he considered the requested instructions to be substantially correct, and that counsel might depend upon their substance being incorporated in the charge.

The closing arguments of counsel, in so far as they related to the merits of the case, were directed to the issues of liability and damages. The court's charge was in accord with the theory upon which the case had been tried.

The court instructed the jury as follows:

"You are instructed that the defendant was required to exercise such care as a reasonably prudent person would exercise under the same or similar circumstances, to know of dangers, if any, connected with making a mold for the ear tube referred to in the evidence, and even to use such care, if required, of scientific knowledge and means readily and reasonably available, if they were available, to discover and know such dangers, if any; and, therefore, you are instructed that if you believe and find from the evidence that the plaintiff purchased of defendant a hearing aid manufactured by the Vacolite Company of Dallas, Texas, and the defendant was to make or take a mold of plaintiff's left ear for the purpose of making an ear tube in connection with the sale of the hearing aid, and in so doing the defendant negligently filled the ear with a substance so that the substance composing the mold was permitted to run into the inner ear and harden and injure the left ear and impair the hearing thereof, then your verdict must be in favor of the plaintiff and against the defendant."

This conformed to the first instruction requested by the plaintiff. The court also charged the jury that—

" 'Negligence,' as used in these instructions, has no peculiar meaning. It means simply the failure to use such care as a reasonably prudent person would exercise under the same or similar circumstances."

This instruction was in accord with the second instruction requested by the plaintiff. The two instructions quoted cover the only requests for instructions made by the plaintiff with respect to the issue of liability.

The court also gave the following instruction:

"The burden of proof is upon the plaintiff in this case, as in all cases, to establish the facts upon which the recovery is predicated, if there be a recovery. By that I mean the burden is upon the plaintiff to establish by the greater weight of the evidence the truth of the facts which are under the law necessary to plaintiff's recovery. And by 'greater weight of the evidence,' of course, is not meant the greater number of witnesses, but is meant the greater weight of the credible testimony. If the plaintiff has sustained that burden and has established the facts which I have given you to your reasonable satisfaction, then your verdict will be for the plaintiff. If you conclude that the plaintiff has not sustained that burden or that the evidence is evenly divided, evenly balanced as to those facts, then you will conclude, of course, that under those circumstances the burden has not been sustained and your verdict will be accordingly."

This instruction was in substantial accord with the defendant's requests for instructions.

At the conclusion of the court's instructions with respect to both liability and damages, the court gave this precautionary instruction, which, in substance, conformed to a request made by the defendant:

"Negligence is not presumed. The mere fact, in itself, standing alone, that the substance in question entered the canal of the left ear does not establish negligence, but a charge of negligence when made and denied, as it is here, must be established by proof, as explained in these instructions."

The plaintiff did not object to this requested instruction during the discussion preceding the closing arguments to the jury. He took no exception to the instruction, at the close of the court's charge.

After the jury had been out for some time, they submitted the following question to the court:

"Do we employ the results of the accident as a medium of proving or disproving the defendant's guilt? We would like a copy of your instructions, if possible."

Counsel and the court, out of the hearing of the jury, discussed the question submitted and considered what should be done with respect to it. Counsel for the plaintiff contended that the precautionary instruction should be enlarged upon and that the jury should be told that the fact "that this substance got past the cotton is some evidence of negligence." The court finally decided to have the reporter read to the jury the instructions of the court, except those portions relating to the credibility of witnesses, the form of the verdict, and the measure of damages. After that had been done, the court said to the jury: "Gentlemen, does that clarify the matter in your mind?" The foreman said: "I think that clears up the point we had in mind, sir." Counsel for the plaintiff then, out of the hearing of the jury, said to the court:

"If your Honor please, after hearing the instructions read to the jury, as stated to the Court in chambers, when your Honor received this inquiry from the jury, I stated that that last instruction there, that the law does not presume negligence from the mere fact in and of itself, standing alone, is misleading. Not only is that instruction misleading, but I think and I submit that the Court has overstressed the burden of proof in this case in favor of the defendant. If I recall, it has been mentioned at least three times in different paragraphs to this jury, and our Supreme Court, as your Honor well knows, has criticized burden of proof instructions that way, saying a simple instruction once was sufficient, and the fact that it was overstressed—now, I want to submit that to your Honor and except to the charge as it is now, for the reasons that I have given."

Counsel for the defendant then said:

"Now, if your Honor please, this jury has been deliberating several hours and they were sent out under instructions of your Honor and exceptions were duly taken, and I do not believe it is in order now

to start any bush-whacking campaign on belated objections where exceptions were not saved at the time. I think we ought to follow the procedure. This defendant is entitled to some legal rights and I do not think the plaintiff ought to be permitted to impinge those rights now by this unusual procedure.".

The court said:

"Well, gentlemen, if the jury continues to have difficulty along the line indicated by this question, I am inclined to think that I will undertake to clarify it. It seems, however, at least for the present, the jury believes that it understands the situation. If they find, when they go back to their room and resume their deliberations that they are in the same difficulty they were before, I think I shall amplify this last instruction."

Counsel for the plaintiff said:

"I am just a little bit apprehensive, if your Honor please, it will be too late then. * * *"

Shortly thereafter the jury returned a verdict for the defendant.

 We must first determine which of the questions raised by the plaintiff upon this appeal this Court is at liberty to consider. It is obvious that the question of the sufficiency of the evidence to support the verdict is not before us, since no motion for a directed verdict was made by the plaintiff. Emanuel v. Kansas City Title & Trust Co., 8 Cir., 127 F.2d 175, 176. The assertion by the plaintiff that an occurrence took place during the deliberations of the jury which "created a bad atmosphere for consideration of the case by the jury, and tended to prevent a full, fair and impartial consideration of the case," is too general to present anything for review. Butler v. United States, 8 Cir., 108 F.2d 27, 28; Mill Owners Mutual Fire Ins. Co. v. Kelly, 8 Cir., 141 F.2d 763, 765. This Court can review only rulings made by the trial court on questions which were brought to its attention and passed upon by it. Ayers v. United States, 8 Cir., 58 F.2d 607, 608.

 The defendant contends that the question of the propriety of the court's instructions, raised by the plaintiff's objections which were entered after the jury had been recalled for further instructions, are not before this Court because such objections were unseasonable. In Hall v. Aetna Life Ins. Co., 85 F.2d 447, 451, this

Court said: "The proper time to take exceptions to the instructions of the court and to its failure to give requested instructions is at the termination of the charge and before the jury retires. * * *" Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides:

" * * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"

The purpose of the rule requiring that objections to the instructions of the court be taken before the jury retires to consider its verdict, is not to disable the court from thereafter correcting an erroneous instruction, but is to prevent a party, after verdict, from taking advantage of the giving of an erroneous instruction to which he failed to call attention in time to enable the court to correct it. As the Supreme Court of the United States, in Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645, 144 A.L.R. 719, said: "Where a party might have obtained the correct charge by specifically calling the attention of the trial court to the error and where part of the charge was correct, he may not through a general exception obtain a new trial." Where, after the submission of a case to a jury, the jury is given additional instructions or the court has the instructions which were given read to the jury, the case, in a practical sense, is not finally submitted to the jury until that time. If it then appears that an instruction which is then given or repeated is erroneous and should be corrected, we have no doubt that a party has the right to object to the instruction at that time and that it is the court's duty to correct it.

 The defendant has called attention to the failure of the plaintiff in the "Statement of Points Relied Upon" in his brief to quote his objections to the court's instructions of which he complains. This is, of course, a technical failure to comply with Rule 11(b) (Fourth) of this Court, but this failure is obviously inadvertent and has resulted in no prejudice to the defendant or to this Court. It would not justify a refusal to consider the question presented. No court should become so enmeshed in its own rules as to be disabled from performing its proper function.

We, therefore, have before us for decision two questions: 1. Did the court err in repeating the precautionary instruction complained of or in reiterating several times that the burden of proof was upon the plaintiff? 2. Did the court err in its rulings with respect to certain statements of defendant's counsel during the arguments to the jury?

There is, we think, no merit in the plaintiff's contention that the court in its charge unduly and prejudicially reiterated the statement that the burden of proof was upon the plaintiff. The burden of proof was upon the plaintiff, and we know of no federal rule which limits the number of times that that truth, or any other truth, may be restated by a federal judge in a charge which on the whole is accurate and fair. The question is one relating to federal procedure and is not controlled by state decisions.

The question relating to the precautionary instruction is the most important question in this case. The case was neither pleaded nor tried as one to which the doctrine of res ipsa loquitur applied. The plaintiff alleged that the defendant was negligent in connection with packing the auditory canal of plaintiff's left ear with cotton. The defendant denied that he was negligent. That presented the issue of fact upon which liability depended. The general statement, in the precautionary instruction, that "Negligence is not presumed" was not erroneous. The further statement that "The mere fact, in itself, standing alone, that the substance in question entered the canal of the left ear does not establish negligence, but a charge of negligence when made and denied, as it is here, must be established by proof, as explained in these instructions," was not technically incorrect, but was, we think, inappropriate under the circumstances of this case.

The vice of repeating, without qualification or explanation, the precautionary instruction, in answer to the inquiry of the jury, was that the instruction minimized, if it did not totally destroy, the probative value of the most important circumstance tending to show that the defendant had carelessly packed the auditory canal of the plaintiff's left ear. The defendant himself recognized that the fact that the plaster passed by or through the cotton indicated that the auditory canal had not been properly packed. Upon cross-examination, he testified as follows:

"Q. The fact that this plaster of Paris reached the drum of the ear indicates to you, does it not, that you did not properly pack the auditory canal? A. I wouldn't say not properly packed. I packed it just the same as I packed many others but something was wrong or the plaster of Paris got through the cotton some way, which way I don't know.

"Q. It got by the cotton? A. Yes, sir.

"Q. If it had been packed in a proper way, it wouldn't have gotten by, would it? A. No, it wouldn't."

In a case such as this, where the uncertainty as to the existence of negligence does not arise from a conflict of evidence, but "because, the facts being undisputed, fair-minded men will honestly draw different conclusions from them" (Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 233, 74 L.Ed. 720), we think it is error for the court to single out an important circumstance which has probative value and to advise the jury that, standing alone, that circumstance does not warrant an inference of negligence. The question for the jury in such a case is not whether each separate circumstance would justify an inference of negligence, but whether from all of the circumstances, taken together, negligence is the inference properly to be drawn.

Our conclusion is that, in view of the question asked by the jury, it was prejudicial error to repeat the precautionary instruction.

There is no reason to anticipate that the statements made by defendant's counsel during the closing arguments to the jury, the propriety of which statements the plaintiff questions, will be repeated upon the retrial of this case. We shall, therefore, not consider whether the statements were proper or improper. We take the liberty of suggesting that counsel on both sides, before presenting their arguments to the jury upon a retrial of this case, review the rules governing jury arguments in the District Courts of the United States. See Union Pac. R. Co. v. Field, 8 Cir., 137 F. 14; London Guarantee & Accident Co. v. Woelfle, 8 Cir., 83 F.2d 325, 338–344; and Chicago & N. W. R. Co. v. Kelly, 8 Cir., 84 F.2d 569, 573–576.

We think it is not inappropriate to say that this Court, in the interest of the orderly administration of justice, will do whatever reasonably may be done to compel adherence to the rule that a jury argument in a District Court of the United States must be confined to the merits of the case on trial. The duty of the trial judge and of counsel to keep the arguments to a jury within proper bounds is dealt with in the cases which we have cited. If an attorney is advised in advance of argument that, under federal practice, improper and prejudicial remarks made to the jury will jeopardize the right of his client to retain the fruits of a favorable verdict, that should assist in keeping improper argument out of the case.

Because of error in the court's instructions to the jury, the judgment appealed from is reversed and the case is remanded with directions to grant a new trial.