**Frank ILLINGWORTH, Appellant,**

v.

**INDUSTRIAL MOLASSES CORPORATION et al., Appellees.**

**No. 16150.**

United States Court of Appeals
Eighth Circuit.

Dec. 24, 1959.

Rehearing Denied Jan. 18, 1960.

846

John C. Stevens, of Randall & Stevens, Cedar Rapids, Iowa, presented oral argument on behalf of appellant.

Ernest F. Pence, of Sargent, Spangler, Hines & Pence, Cedar Rapids, Iowa, made argument for appellee.

Before GARDNER, VOGEL, and MATTHES, Circuit Judges.

GARDNER, Circuit Judge.

Appellant, Frank Illingworth, was the owner and driver of a truck-tractor which, while it was being driven westward on Highway No. 6, about one mile east of South Amana, Iowa, became stalled while partly on the paved portion of the highway. A truck-trailer driven by appellee Laverne Carrington in a westerly direction collided with appellant's stalled tractor. The tractor driven by appellee Carrington belonged to appellee Industrial Molasses Corporation, which also owned the cargo of molasses being transported in the trailer attached to the tractor. Based upon claims of personal injuries or damage to property resulting from this accident two actions were brought, one by appellees Carrington and Industrial Molasses Corporation for personal injuries to Carrington and damages to property of Industrial Molasses Corporation, and the other by one Kenneth C. Koch doing business as Chillicothe Cartage Company, for damages to property.

In the action brought by Carrington and Industrial Molasses Corporation it was alleged in the complaint that defendant in that action, appellant here, was negligent in the following particulars: (a) in stopping, parking, or leaving standing, said truck upon the paved traveled part of U. S. Highway No. 6; (b) in failing to leave said truck stopped, parked or standing off of the paved or main traveled part of said Highway No. 6 and upon the shoulder of said highway; (c) in failing to leave a clear and unobstructed width of at least twenty feet of said Highway No. 6 opposite said parked or standing vehicle for the free passage of other vehicles, including plaintiff's vehicle; (d) in failing to display a lighted fusee, lighted flares, red reflector electric lanterns, or red reflectors, when defendant's tractor was stopped on the traveled portion of Highway No. 6; (e) in failing to display a red light visible to the rear from a distance of 500 feet, when the defendant's tractor was parked or stopped upon Highway No. 6.

Illingworth, in his answer to the complaint, denied all charges of negligence charged in the complaint and by way of counterclaim charged the plaintiffs with negligence in the following particulars: (a) the failure to operate said tractor and trailer at such a rate of speed as to permit the same to be brought to a stop within the assured clear distance ahead; (b) the failure to have said tractor and trailer under control; (c) the failure to keep a proper lookout; (d) operating said tractor and trailer at a speed in excess of fifty miles per hour; (e) not driving said tractor and trailer at a careful and prudent speed under the conditions then existing; (f) failing at the time and place of said accident to use a distribution of light, or composite beam directed high enough and of sufficient intensity to reveal persons and vehicles at a safe distance in advance of the vehicle which the plaintiff Laverne Carrington was then and there driving. The plaintiffs by

reply put in issue all the allegations of negligence contained in Illingworth's counterclaim.

In the action brought by Kenneth C. Koch, the complaint charged Illingworth with the same acts of negligence as alleged in the complaint of Carrington and Industrial Molasses Corporation, and in turn Illingworth by his answer denied all acts of negligence.

As the two actions grew out of the same accident, the court consolidated them for the purpose of trial and they were tried to the court and a jury on instructions to which certain exceptions hereinafter to be noted were saved by Illingworth, appellant herein. The jury returned a verdict in favor of Kenneth C. Koch and against Illingworth, and also returned a verdict against appellant on his counterclaim in the action brought by Carrington and Industrial Molasses Corporation. In due course the court entered judgments pursuant to these verdicts. Appellant moved for a new trial in each of the cases, which the court denied. Illingworth did not prosecute his appeal from the judgment in favor of Kenneth C. Koch, but settled same.

From the judgment in favor of appellees on his counterclaim appellant seeks reversal on the ground that the court erred in the following particulars: (1) the trial court erred in refusing to give an instruction of Section 321.415, Code of Iowa (1954), as amended, I.C.A.; (2) the trial court erred in submitting a specification of negligence based solely on negative testimony; (3) the trial court erred in refusing to strike that portion of the testimony of the witness Hummel which was based on hearsay; (4) the trial court erred in submitting Instruction No. 12 to the jury; (5) the trial court erred in failing to give an instruction on disabled vehicles; (6) the trial court erred in submitting Instruction No. 13 to the jury.

It will be observed that the alleged errors complained of are errors in giving or refusing to give instructions or alleged errors in ruling on the admissibility of evidence. There is no challenge to the sufficiency of the evidence to sustain the verdict on which the court entered judgment dismissing appellant's counterclaim on its merits. The court instructed the jury in great detail, the instructions being numbered from 1 to 23, both inclusive. Appellant challenges only three of these instructions; to wit, Instruction No. 11, Instruction No. 12, and Instruction No. 13. He also complains that the court erred in refusing two instructions requested by him.

■■ We have given careful consideration to all the exceptions now urged to the court's instructions and in doing so have considered the instructions as a whole with meticulous care and think they properly presented the issues to the jury and contained no prejudicial error. In view of our conclusion, hereinafter expressed, as to the effect to be given to Instruction No. 16, which was not objected to, we deem it unnecessary to review the alleged errors in the giving or refusing of other instructions. Instruction No. 16 given by the court reads as follows:

"If your verdict is in favor of Kenneth C. Koch on his claim against Frank Illingworth, you need not give consideration to the claim of Frank Illingworth against the Industrial Molasses Corporation and Laverne Carrington. Further, if your verdict is in favor of the Industrial Molasses Corporation and Laverne Carrington on their claims against Frank Illingworth, you need not give consideration to the claim of Frank Illingworth against them. Under the applicable law if Kenneth C. Koch or the Industrial Molasses Corporation and Laverne Carrington recover against Frank Illingworth, he cannot recover against the Industrial Molasses Corporation and Laverne Carrington and you should thereupon return a verdict in their favor on his claim against them. If you find that the Industrial Molasses Corporation and Laverne Carrington or Kenneth C. Koch are not entitled to recover against Frank Illingworth, you will then consider the

848

claim of Frank Illingworth against the Industrial Molasses Corporation and Laverne Carrington."

This instruction was not objected to by any of the parties to the action, and it is not alleged nor charged as error in appellant's brief. It cannot therefore be reviewed on this appeal. Rule 51, Federal Rules of Civil Procedure, Title 28 United States Code; Palmer v. Miller, 8 Cir., 145 F.2d 926; Hall v. Aetna Life Ins. Co., 8 Cir., 85 F.2d 447. The allegations as to negligence were common to both actions, as was also the evidence in support of the allegations of negligence. As the sufficiency of the evidence to sustain the verdict is not challenged, this instruction became the law of the case. Baker v. Chicago, B. & Q. R. Co., 8 Cir., 220 F.2d 721; Pierce Consulting Engineering Co. v. City of Burlington, 2 Cir., 221 F.2d 607; Kelly v. Emary, 242 Iowa 683, 45 N.W.2d 866; 53 Am.Jur. Trial, Sec. 844, p. 620; Barron and Holtzoff, Sec. 1106, p. 804. In this Instruction No. 16 the court specifically told the jury that if their verdict was in favor of Kenneth C. Koch on his claim against Illingworth they need not give consideration to the claim of Illingworth against Industrial Molasses Corporation and Carrington. The jury, as has been observed, returned a verdict in favor of Kenneth C. Koch and against Illingworth. In so doing the jury of necessity found appellant guilty of negligence in the particulars alleged in the complaint of the appellees in their action against appellant. As this finding of the jury conclusively precluded appellant's right to recover on his counterclaim, we pretermit any further consideration as to other instructions given or refused by the court.

█ It is finally urged that the court erred in refusing to strike the testimony of an expert witness called by appellees to the effect that the right rear wheel of the Illingworth tractor was five feet, ten inches south of the north edge of the highway, for the reason that it was based on hearsay. The evidence was not objected to when given and there was no suggestion that sufficient foundation had not been laid for the opinion of the witness nor that the matter was not the proper subject of expert testimony, although that was apparent on the face of the question. This same question was urged on motion for new trial, in response to which the court said:

"As to Paragraph 2 of the Motions. The question asked Patrolman Ray Hummel was on its face an improper question. Thornbury v. Maley (1951) [242 Iowa 70] 45 N.W. 2d 576; McKeever v. Batcheler (1934), 219 Iowa 93, 257 N.W. 567. If the proper objection had been made to it, i. e., that the question called for expert testimony on a subject which was not a proper subject for expert testimony, the objection would have been sustained and the evidence sought to be elicited by the question would have been barred from the record. The defendant chose not to object to the question and the evidence which was responsive to the question came in without objection. During the cross-examination it developed that possibly the evidence so received was excludable upon another ground. Although it is not clear that the evidence was excludable upon such other ground, yet, if it were, it would seem that the defendant's action was belated in character."

No proper objection having been made to the testimony of this witness when offered, we think the court did not abuse its discretion in refusing to grant appellant's motion to strike. Quite aside from the testimony of this expert witness there was other testimony as to the physical facts and circumstances, leaving no room for doubt that the appellant was stopped, at least temporarily, in the north half of the road in front of appellee. Appellant himself testified on direct examination that:

"Just when I rolled to a stop, I rolled it over so the right front wheel and the back right was off of the

pavement. Both the right wheels were off the pavement. My tractor was facing northwest."

And on cross-examination he testified that:

"I didn't think it would be hazardous to stop on the traveled part of the highway for a minute or two. I figured I would get her to the shoulder first, but right at the immediate place where I went to pull over, there was a big ditch."

We have considered all other contentions urged by appellant but think they are without merit, and we are convinced that the court committed no prejudicial error in the trial of this case and that appellant had a fair trial. The judgment appealed from is therefore affirmed.